## Charles MONROE v. HUFF.

### No. 8767.

United States Court of Appeals
District of Columbia.

Argued Oct. 3, 1944.

Decided Oct. 30, 1944.

Mr. James M. Earnest, of Washington, D. C. (appointed by this Court) for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

PER CURIAM.

This appeal is from summary denial of a petition for a writ of habeas corpus.

Petitioner pleaded guilty to a charge of escaping from custody and is serving a sentence of one to three years. The petition, prepared without the help of counsel, asserts that the attorney who advised the plea was "incompetent, and disinterested, by advising your petitioner to plead guilty to this charge and not explaining the seriousness of the charge placed against him. He did not, at any time, explain to your petitioner of his constitutional rights, and the said attorney did deprive your petitioner by trick, of a jury trial. Petitioner was advised to plead guilty of this charge with the understanding that your petitioner would receive a very lenient sentence as he was a personal friend of the Trial Court Justice." Petitioner's present counsel, appointed by the court, submits that if these statements are true petitioner did not intelligently consent to waive a jury trial and that a hearing should therefore be held to determine the truth of the statements.

We cannot accept this view. Petitioner knew that he was charged with escaping from custody and that he could choose whether to stand trial or plead guilty. There is nothing to show that he did not profit by his plea, for he might have been given a maximum of five years. But even if he gained nothing by the plea it would not follow that his decision was unwise; and even if it was unwise it would not follow that it was not intelligently made. The substance of his allegations is that he pleaded guilty on the advice of his counsel and received a longer sentence than both hoped. If that were sufficient to show that his plea was not intelligently made few, if any, convictions and sentences on pleas of guilty would be valid. A mere disappointed expectation of great leniency does not vitiate a plea.

Affirmed.