## THOMSON v. HUFF.

### No. 8762.

United States Court of Appeals
District of Columbia

Argued May 28, 1945.

Decided June 18, 1945.

Mr. Emmett Leo Sheehan, of Washington, D. C. (appointed by this Court), for appellant.

Mr. John C. Conliff, Jr., Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices:

PER CURIAM.

This is an appeal from an order of the District Court which allowed petitioner to file a petition for a writ of habeas corpus without prepayment of costs, but denied the writ.

Appellant, who is serving a prison term on five separate counts of housebreaking and larceny, alleges that he is unlawfully confined because he was incompetently represented by counsel who failed to show sufficient interest in his case and who advised him to plead guilty to the five charges be-

---

[3] Francis v. Fitzpatrick, 67 App.D.C. 69, 71, 89 F.2d 813, 815.

cause he "had already arranged for a light sentence of from two to three years on each case, the sentences to run concurrently." He actually received sentences of three to five years on each charge, which run consecutively.

Appellant also alleges a number of alibi defenses.

 The petition is clearly without merit and the trial court's action in refusing to issue the writ must be affirmed.[1] There is no allegation that appellant misunderstood the nature of the charges, did not knowingly plead guilty, or was coerced by judge or prosecutor to enter the plea. "A mere disappointed expectation of great leniency does not vitiate a plea."[2]

 The plea having been competently and voluntarily made, there can, of course, be no review of the merits of appellant's defenses.

Affirmed.

[1] Diggs v. Welch, 1945, —— U.S.App.D. C. ——, 148 F.2d 667; Dorsey v. Gill, 1945, —— U.S.App.D.C. ——, 148 F.2d 857.

[2] Monroe v. Huff, 1944, 79 U.S.App.D. C. 246, 145 F.2d 249; Dorsey v. Gill, supra.