574

## BURKETT v. MAYO.
### No. 12648.

United States Court of Appeals
Fifth Circuit.
March 28, 1949.

Paul Burkett, in pro. per.

Richard W. Ervin, Atty. Gen. of Fla., and Reeves Bowen, Asst. Atty. Gen. of Fla., for appellee.

Before SIBLEY, McCORD and WALLER, Circuit Judges.

PER CURIAM.

The petition for the writ of habeas corpus discloses that Burkett was charged with rape, was defended by counsel, apparently employed by him, convicted of assault with intent to rape with a sentence of ten years; that he obtained other counsel who appealed the case to the Supreme Court of Florida where it was affirmed; that he sought to reopen the matter in the Supreme Court by a writ of coram nobis; and that he sought relief by habeas corpus in the State Circuit Court and Supreme Court without avail. He complains that he was intimidated by his own counsel to to admit that of which he was not guilty, and that his counsel refused to use witnesses who would show an alibi; and that it all adds up to a denial of due process of law contrary to the Fourteenth Amendment. An exhibited affidavit of W. L. Burkett tends to show that Burkett's counsel the day before the trial advised him to admit sexual relations with the prosecutrix and claim that they were with her consent, and said if he did not do this he would get life imprisonment or the electric chair, and the counsel would drop the case; and that Burkett consented so to do. There are several other affidavits of witnesses that they saw Burkett elsewhere than at the home of the prosecutrix when and where she claimed she was raped.

 Whether his attorney's advice was good or bad, whether the testimony given under it was true or false, Burkett did not get life imprisonment nor the electric chair. The State of Florida and its officers have contributed in no way to what he complains of. The federal courts are not charged with the review of the strategy of defense adopted between an accused and his own counsel before trial in a State court.

Judgment affirmed.