Application of C. L. ATCHLEY For a
Writ of Habeas Corpus.

Civ. No. 7738.

United States District Court
N. D. California, N. D.

Oct. 27, 1958.

C. L. Atchley, in pro. per.

Doris H. Maier, Deputy Atty. Gen. of the State of California, Sacramento, for respondent.

HALBERT, District Judge.

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging his custody by the Warden of the California State Prison at Folsom, in which said prison he is presently held in custody under the authority of a commitment issued by the Superior Court of the State of California, in and for the County of Yuba. In connection with his petition, petitioner asks this Court to appoint counsel to represent him in this proceeding. This Court issued an order to show cause, and a return thereto was made by the respondent Warden. The respondent Warden's return was accompanied by a motion to dismiss petitioner's petition on the grounds that said petition is not legally sufficient to require any further proceedings in this Court. Petitioner filed his traverse to respondent Warden's return. The entire record of petitioner's various proceedings in the Courts of the State of California have been filed in this proceeding and are now before this Court for consideration in connection with this proceeding. The petition and the return, considered together, show that petitioner is seeking to attack the judgment, which was pronounced against him after his conviction in the State Court, on the ground that during the course of his trial petitioner was deprived of certain rights, which petitioner asserts reach Constitutional magnitude under the Constitution of the United States. Each of these claims has been carefully considered and will be discussed in detail hereinafter in this opinion.

The record shows that petitioner was charged with murder in the first degree and assault with a deadly weapon with intent to commit murder; that after the commencement of the trial of these charges, but before the close of the prosecution's case, petitioner changed his pleas to guilty on each of these counts; and stipulated that the murder was of the first degree. It is obvious that petitioner is now a state prisoner, and is not confined under any federal law.

After the judgment and sentence pronounced against him, the petitioner appealed to the State Courts for relief (See: People v. Atchley, 132 Cal.App.2d 444, 282 P.2d 160), and the conviction and judgment were affirmed. Thereafter, petitioner sought a writ of habeas corpus from the Supreme Court of the State of California. That Court appointed a referee to hear and consider the factual allegations raised in the petition, appointed counsel to represent petitioner before the referee, and, after extended discussion of the facts thus found, denied the writ (See: In re Atchley, 48 Cal.2d 408, 310 P.2d 15). As to this latter proceeding, petitioner failed to seek certiorari within the time provided in Title 28 U.S.C.A. § 2101(c). A second petition for a writ of habeas corpus, attacking the conviction on basically the same grounds as those theretofore considered in In re Atchley, supra, was presented to the California Supreme Court, and the same was denied without opinion. After this denial, petitioner made timely application to the Supreme Court of the United States for a writ of certiorari. This application was also denied without opinion.

As to those allegations considered by the State Courts, petitioner has met the jurisdictional requirements of this Court (28 U.S.C.A. § 2254; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; and Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761). The instant petition, however, alleges

other issues (That petitioner was not allowed to employ counsel of his own choosing, and that, at the time and place set for sentencing, petitioner was not represented by his trial counsel, but by other counsel who knew nothing of the case). As to those allegations, which are made here for the first time, and which have not been considered by the States Courts, no more will be said than that the fundamental requirement of Title 28 U.S.C.A. § 2254 has not been met (See: Application of Meek, D.C., 138 F.Supp. 327), and the jurisdiction of this Court to hear said matters has not been shown. For this reason, they will be given no further consideration.

■ I. Petitioner first asserts that the information on which he was brought to trial was Constitutionally inadequate, in that it charged petitioner with a homicide committed with "malice aforethought." It appears to be the position of petitioner that the crime must be depicted in the information as "premeditated." Apart from the lack of validity of the argument itself, there is no allegation that the wording of the information was insufficient to put petitioner on notice of the crime with which he was charged. Lacking such an allegation, the objection has no Constitutional validity and cannot be raised in this Court by a habeas corpus proceeding (Knight v. Hudspeth, 10 Cir., 112 F.2d 137).

II. Petitioner next contends that unqualified and untrue factual representations were made to him by the public defender (petitioner's counsel) that a responsible officer of the state had entered into a bargain purporting to commit the state to give petitioner a lesser punishment than he might otherwise receive, in exchange for pleas of guilty; that such representations were substantially corroborated by acts or statements of a responsible state officer; and that petitioner changed his pleas from not guilty to guilty in reliance in good faith upon such representations and not in the exercise of his own free will and judgment.

■ This allegation is couched in the same words as the order of reference made by the California Supreme Court, and is not supported in the instant petition by any allegations tending to show facts which would support the conclusion that the state officer did, in fact, enter into a bargain with petitioner. This failure, alone, would normally prompt this Court to refuse to entertain that allegation (Ex parte Cuddy, 131 U.S. 280, 9 S.Ct. 703, 33 L.Ed. 154; and Soewapadji v. Wixon, 9 Cir., 157 F.2d 289).

However, in an effort to be fair and do justice to petitioner, this Court has carefully reviewed the report of the referee appointed by the Supreme Court of the State of California and considered the conclusions reached therein. It appears that during the reference, petitioner introduced witnesses who testified that the prosecutor informed petitioner that in exchange for a change of pleas, the prosecutor had arranged for a "short sentence." The referee, after considering the conflicting testimony on this point, found that no such representations were in fact made by the prosecution. It may be noted here that were the question properly presented to this Court, it would adopt that finding of the referee (Brown v. Allen, supra).

■■ Assuming to be true the allegation that defense counsel advised petitioner to change his pleas, and informed petitioner that if this were done the sentence would be five years to life, such a set of facts would not indicate coercion in the Constitutional sense. The proper test is whether the plea was intelligently changed, and there is no indication whatever that such was not the case (Thomson v. Huff, 80 U.S.App.D.C. 165, 149 F.2d 842; Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003; and Monroe v. Huff, 79 U.S.App.D.C. 246, 145 F.2d 249).

■ The refusal of counsel to call a witness whom petitioner felt was essential to his case resulted in an impasse and culminated in counsel's request that he be allowed to withdraw from the defense. Petitioner suggests that the refusal of the trial judge to consider such

a withdrawal intimidated petitioner into changing his pleas to guilty. This is not supported by the record, which shows that the trial court was informed of no more than a tactical difference between the parties (See: McDonald v. Hudspeth, 10 Cir., 113 F.2d 984). In any event, the judge's final decision on counsel's request to withdraw was deferred, at the request of the prosecutor, until the close of the state's case. As petitioner entered his changed pleas before that time, the trial court's reluctance to make an immediate decision could not show coercion and negate the possibility of petitioner making an intelligent decision with respect to changing his pleas (c. f.: Thomson v. Huff, supra).

■ The only "coercion" indicated is that of counsel who, in his best judgment, felt that the best course for petitioner to pursue was to change his plea to guilty. Such a situation falls far short of the requirement that for Constitutional magnitude the proceedings must be reduced to a sham, or be a travesty of justice (Shepherd v. Hunter, 10 Cir., 163 F.2d 872; Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667, certiorari denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002; and Richardson v. Baldi, D.C., 139 F. Supp. 928), and thus result in petitioner being unable to make an intelligent decision as to his plea (Dorsey v. Gill, supra; and Monroe v. Huff, supra).

III. Petitioner's final contention is that the public defender (petitioner's counsel) did not adequately represent petitioner during the trial. This issue, too, was considered during the reference proceedings ordered by the California Supreme Court. As formulated there, the issue was whether the public defender failed to have reasonable consultation with petitioner, unreasonably refused to present witnesses suggested by petitioner, or otherwise failed to represent petitioner properly and effectively. That formulation was adopted by petitioner here.

The referee found that defense counsel did have reasonable consultation with petitioner, but found further that coun-

sel failed to properly and effectively represent defendant. This latter finding was predicated on two grounds, namely: (1) that counsel, for some unexplained reason, did not wish to represent petitioner, and (2) that counsel refused to call one Belt as a witness for petitioner. The California Supreme Court declined to accept the second finding. The Supreme Court of California, after a careful consideration of the entire record, concluded that the representation afforded petitioner was in fact adequate in all respects.

■ The test to be applied by this Court is whether counsel's representation of petitioner met the Constitutional standards of effectiveness as determined by the due process clause of the Fourteenth Amendment of the Constitution of the United States. Initially, it should be noted that the allegations of the petition do not overcome the presumption that competent counsel was appointed (Maye v. Pescor, 8 Cir., 162 F.2d 641; and Achtien v. Dowd, 7 Cir., 117 F.2d 989). Further, there is no indication, nor could there be in the light of the referee's report, that counsel's preparation for the case was Constitutionally inadequate (United States v. Wight, 2 Cir., 176 F. 2d 376, certiorari denied 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586; and Diggs v. Welch, supra).

■ Counsel's decision not to call Belt, the only witness who, allegedly, could substantiate petitioner's claim of self defense, cannot be "second guessed" by this Court. An interview with Belt convinced counsel, acting for petitioner, that Belt was not telling the truth. As a result, counsel stated that he would not call Belt as that would result in Belt being discredited on the witness stand and might result in petitioner being given the death penalty. Such reasoning shows that counsel had petitioner's welfare in mind, and that even though he (counsel) may have made an error, he did not act arbitrarily and in disregard of petitioner's rights.

■ The referee's conclusion that counsel did not want to represent peti-

tioner was based on two incidents. The first occurred after the preliminary hearing, when counsel felt that petitioner had sufficient means to employ private counsel. This was denied by petitioner. Counsel was reappointed to represent petitioner, and did represent petitioner throughout the trial. The second incident grew out of counsel's refusal to call Belt and caused counsel to seek permission to withdraw from the case. This incident has heretofore been discussed and shows no more than a difference of opinion between counsel and client. Neither incident affords sufficient ground to support a finding that there has been a deprivation of rights of Constitutional magnitude.

The due process clause of the Federal Constitution does not require this Court to reconsider the tactics adopted by counsel in conducting petitioner's defense, in the absence of facts tending to show that the trial was reduced to a mockery of justice (United States ex rel. Feeley v. Ragen, 7 Cir., 166 F.2d 976). Counsel's recommendation that petitioner change his pleas (Burkett v. Mayo, 5 Cir., 173 F.2d 574; Thomson v. Huff, supra; and Dorsey v. Gill, supra), or the decision of counsel not to call the witness Belt (United States v. Gutterman, 2 Cir., 147 F.2d 540), do not give the problem here presented sufficient Constitutional stature to require its further consideration by this Court at this time.

As has been indicated, the instant petition shows no more than that petitioner is now dissatisfied with the conduct of his defense, and with the duration of his sentence. As the facts alleged fail to raise any issue cognizable by this Court, no formal hearing is required in this matter (See: Thomas v. Eyman, 9 Cir., 235 F.2d 775, affirmed 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863).

Finally, in connection with petitioner's request that this Court appoint counsel to represent him in connection with this matter, petitioner cannot prevail. A habeas corpus proceeding is in the nature of a civil action, and, there-fore, there is no requirement that counsel be appointed in such proceeding to represent petitioner (Collins v. Heinze, 9 Cir., 217 F.2d 62), nor does the petition indicate any need for such an appointment.

It Is, Therefore, Ordered that respondent's motion to dismiss be, and the same is, hereby granted;

It Is Further Ordered that petitioner's petition for a writ of habeas corpus be, and the same is, hereby dismissed;

And It Is Further Ordered that petitioner's application to have counsel appointed to represent him in connection with this proceeding be, and the same is, hereby denied.