■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANIELLO CACCIO, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated October 9, 1962, which denied without a hearing his application to vacate a judgment of said court rendered March 9, 1955 upon his plea of guilty, convicting him of murder in the second degree and sentencing him to serve a term of 20 years to life. Order affirmed. Defendant's application is based on the fact that originally, on an indictment charging him with murder in the first degree, his retained counsel was absent when he was arraigned and a plea of not guilty was entered by the court on his behalf. Thereafter, defendant — represented by counsel — withdrew that plea and pleaded guilty to the lesser included charge of murder in the second degree (see Code Crim. Pro., § 342-a). For the reasons stated at length in the case decided herewith (*People* v. *Combs,* 19 A D 2d 639), the order here must be affirmed. Beldock, P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANGELO FAZIO, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated December 4, 1962, which denied after a hearing his application to vacate a judgment of the former County Court, Kings County, rendered June 4, 1947 after a jury trial, convicting him of robbery in the first degree, and sentencing him as a second felony offender to serve a term of 30 to 60 years. The judgment of conviction was previously affirmed by this court (272 App. Div. 1061; motion for leave to appeal to the Court of Appeals denied, December 9, 1947 [FULD, J.]). Order affirmed. We are of the opinion that the rule enunciated in *People* v. *Mangi* (10 N Y 2d 86) is distinguishable from this case because at the trial of this defendant it was his own counsel who prevented the defendant's accomplice, the witness Daly, from disclosing all the facts. This disclosure, if permitted, might have revealed not only that the prosecutor had told Daly that if he testified as a People's witness his co-operation would be called to the court's attention at his sentencing, but also that this defendant was implicated in another crime or crimes. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.