Leland T. FULLMER, Petitioner,

v.

Lenard F. MEACHAM, Respondent.

No. 3236.

Supreme Court of Wyoming.

Jan. 3, 1964.

Leland T. Fullmer, petitioner, pro se.

Richard T. Anderson, Asst. Atty. Gen., Cheyenne, for respondent.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

A petition for writ of habeas corpus was filed in this court by Leland T. Fullmer against Lenard F. Meacham, warden of the state penitentiary, alleging that petitioner is unlawfully imprisoned and held in the Wyoming State Penitentiary. The petition recites that a previous application for writ of habeas corpus to District Judge Vernon Bentley, in the District Court of Carbon County, was denied.

Fullmer was committed to the penitentiary from Park County by District Judge J. O. Spangler. The transcript of proceedings before Judge Spangler and applicant's petition reveal that Fullmer was duly charged under § 6–130, W.S.1957, with unlawfully breaking and entering a locked building, the Cody Airport Building, on March 18, 1963. He was represented by a court-appointed attorney, Mr. James P. Castberg, and entered a plea of "not guilty."

Subsequently the defendant employed other counsel, Mr. Thomas M. McKinney,

and Mr. Castberg withdrew from the case. The defendant then came before the court with his new attorney, who indicated he had investigated the facts in the case; and a motion was made by the attorney, on behalf of defendant, to withdraw the plea of "not guilty" and change the same to "guilty of the offense charged."

The court granted the motion and accepted the plea of guilty. Then the judge had Fullmer stand and asked: "Do you understand that by your plea of guilty to this charge of breaking and entering that you can be sent to the penitentiary for as many as 14 years?" Fullmer answered, "Yes, sir."

Thereupon, the following examination of defendant took place:

"THE COURT: And it is your desire and wish to make and enter this plea of guilty, as stated by your attorney, Mr. McKinney? MR. FULLMER: Yes, sir.

"THE COURT: Have you been threatened, coerced or induced by anyone to make and enter this plea of guilty particularly by anyone in the County Attorney's office, the Sheriff's office, or by any other official of this county or state? MR. FULLMER: No, sir.

"THE COURT: Have you been promised any reward or anything else that caused you to make and enter this plea of guilty? MR. FULLMER: Yes, but it didn't make me change my mind. I was told when I was picked up that I probably would get a suspended sentence, but I didn't pay any attention to that.

"THE COURT: Who told you that? MR. FULLMER: The arresting officer in Evanston, the people that came and got us.

"THE COURT: After that you entered your plea of not guilty? MR. FULLMER: Yes, sir.

"THE COURT: The statement by the officers at that time, did that have any-

thing to do with your changing your plea here today and entering a plea of guilty? MR. FULLMER: No, sir. "THE COURT: Then you are making this plea of guilty freely and voluntarily and of your own free will; is that right? MR. FULLMER: Yes, sir."

### Was Plea Properly Accepted?

■■ After the plea of guilty was made by defendant and accepted by the court, the judge permitted defendant's attorney to offer evidence in the way of "mitigation or extenuation." The petitioner points to certain excerpts from the testimony offered in mitigation, claiming that in the testimony he made protestations of innocence. By reason of these so-called protestations, he now claims his plea of "guilty" should not have been accepted.

Two things are overlooked in this argument which render it unconvincing. In the first place, the hearing did not relate to defendant's guilt or innocence. It had to do only with extenuating circumstances. No doubt the court gave consideration to all of the extenuating circumstances presented to it. At any rate, it is noted that the sentence was substantially less than it could have been.

In the second place, any reasonable interpretation of the testimony as a whole would lead to the conclusion that defendant was guilty of the crime charged, as an accessory before the fact and not as a principal who actually entered the building. Indeed, the judge expressed such an opinion from the evidence, saying he believed Fullmer knew what those who broke into the building were doing; and that he aided and assisted them.

Section 6–14, W.S.1957, clearly provides that every person who shall aid or abet in the commission of a felony may be charged and convicted in the same manner as if he were a principal.

Fullmer's protestations amounted to nothing more than statements to the effect he did not think the law should be what it is. For example, the principal protestation

quoted in his petition to us is this: "I don't want to plead guilty, but the law says I am. I have too." He went on to say "I just think the law shouldn't read like it does."

The occasion for these statements was that the judge had asked Fullmer once again whether he understood that under his plea of guilty he would probably be sentenced to the penitentiary. Fullmer said he understood that, and then the judge asked again if he still wanted to plead guilty. No attempt was made to change the plea, and there is every indication that defendant knew the effect of his plea.

Where, as here, the record shows that defendant was represented by counsel throughout the proceedings and that he understood the nature of the charge against him and the consequences of a plea of guilty, this court will not, in the absence of a showing of fraud or coercion, inquire into the reasons prompting a defendant to enter his plea of guilty. In re Brown's Petition, Mont., 386 P.2d 73, 74; Thomson v. Huff, 80 U.S.App.D.C. 165, 149 F.2d 842, 843.

### Error in the Judgment

 One of the grounds asserted by petitioner for his release from custody is that he was charged in the information with the crime of unlawfully breaking and entering a locked building, under § 6–130; whereas judgment and sentence were imposed upon him for the crime of burglary under § 6–129, W.S.1957.

It is clear the information does charge the crime of unlawfully breaking and entering a locked building, under § 6–130. It is also clear, as quoted above, that the judge inquired of Fullmer as to whether he understood that by his plea of guilty to "this charge of breaking and entering" he could be sent to the penitentiary for as much as 14 years, which is the penalty prescribed for such a crime.

There were no improper proceedings in the courtroom. Judgment and sentence were properly pronounced orally by the court, for the crime charged. However, there was a mistake in the written record of the judgment and sentence. The written "JUDGMENT AND SENTENCE" which was afterwards signed and entered failed to correctly represent what the judge had actually done in open court, in that it recited this:

> "In answer to the crime charged in the Information, to-wit: that of Burglary the defendant, LELAND T. FULLMER, then and there pleaded GUILTY * * *"

A judgment is one thing. The record of a judgment is a different thing, and what purports to be a record of a judgment may or may not be correct. If not correct, the settled rule is that the trial court not only has the right but is under a duty to make the judgment speak the truth, and this can be done at any time. Tafarella v. Hand, 185 Kan. 613, 347 P.2d 356, 360–361, certiorari denied 363 U.S. 807, 80 S.Ct. 1243, 4 L.Ed.2d 1150; State v. Dietz, 135 Mont. 496, 343 P.2d 539, 540.

The word "Burglary" contained in the written instrument of record is obviously in error, but it is a matter which is subject to correction at any time. An order nunc pro tunc is recognized as the proper procedure to make the written record of the judgment and sentence speak the truth. See Arnold v. State, 76 Wyo. 445, 306 P.2d 368, 374, 65 A.L.R.2d 839; and Ex parte Faulkenberry, 95 Okl.Cr. 259, 244 P.2d 324, 326.

We have no doubt the judge who sentenced Fullmer will enter a proper order correcting the record in this case when the matter is called to his attention, unless there is reason which we know not of for not doing so. We think we should mention in passing, however, that from a practical standpoint, it is of some interest to note that the maximum penalty prescribed for breaking and entering, in § 6–130, is the same as the maximum penalty prescribed for burglary, in § 6–129, both being 14 years.

Petition denied.