**UNITED STATES of America ex rel. Angelo FAZIO, Relator,**

**v.**

**Edward M. FAY, as Warden, Green Haven Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.
Nov. 30, 1964.

**212**

Angelo Fazio, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent; Mortimer S. Sattler, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner, now confined to Green Haven Prison, Stormville, New York, pursuant to a judgment of conviction for first degree robbery in the former Kings County Court, seeks his release under a writ of habeas corpus on the ground that his conviction was obtained in violation of his federally protected right to due process of law under the Fourteenth Amendment. The basis of his contention is the knowing use by the prosecution of

perjured testimony and the suppression by the District Attorney of evidence beneficial to him.[1]

Edward Daly, an accomplice in the crime charged against petitioner Fazio and another, was the principal prosecution witness. The nub of petitioner's claim is that Daly's denial that his testimony had been motivated by expectation of consideration was false to the knowledge of the District Attorney who failed to disclose this to the Court and the defendant.

When cross-examined, Daly admitted participation in another robbery, but denied his testimony was motivated by hope of consideration relative to that crime; he conceded he had been offered a lesser plea of guilty thereto, but denied his appearance as a People's witness was " * * * to get any time off. That was not the reason. They [indicating the defendants] [2] know the reason as well as I do." On motion of defense counsel the answer was stricken and the witness, who was attempting to explain, was directed not to volunteer information. Further questioning of Daly brought another attempted explanation, but again he was interrupted:

"Q You have not interposed a plea of guilty to the crime for which you have been indicted, have you?

"A Not yet.

"Q Are you expecting some consideration as a result of the testimony you are giving here today?

"A I don't know what they are going to do with me.

"Q Are you expecting?

"A I was told this can get me—

"[Defendant's counsel]: I submit that was not the answer—the answer he is about to give—

1. See Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942); Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935); United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2d Cir. 1964); People v. Mangi, 10 N.Y.2d 86, 217 N.Y.S. 2d 72, 176 N.E.2d 86 (1961); People v. Savvides, 1 N.Y.2d 554, 154 N.Y.S.2d 885, 136 N.E.2d 853 (1956).

2. See coram nobis proceeding, S.M. 86, 88.

"[The Court]: You are quite right. The question is not what is going to happen. The question is what is in your mind.

"A No.

"Q. You don't expect any consideration at all?

"A None."

Soon after their conviction, Daly, upon the recommendation of the District Attorney, received maximum consideration with respect to the unrelated crime charged against him; it further appeared that he was never prosecuted for his participation in the robbery as to which he had testified.

In 1962, fifteen years after Fazio's conviction, he applied to the then Kings County Court for a writ of error coram nobis. He charged that the consideration extended to Daly established both the falsity of his trial testimony and also that the prosecutor knew it was false. The District Attorney consented to a hearing, at which Daly, the District Attorney and the trial assistant testified. Daly reiterated his trial testimony that he had not been motivated by hope of consideration, and asserted its truthfulness. With respect to his answer upon the trial, "They know the reason," which was stricken on defense motion, he revealed that his appearance as a prosecution witness was motivated by revenge because Fazio had failed to give Daly's wife, while he was in jail, a share of the proceeds of another robbery which Fazio and his codefendant had successfully committed and which Daly had earlier planned with them. He further testified that he had advised the petitioner that in consequence he was going to turn State's evidence.

Thereafter, through his counsel, he sought out the prosecutor, revealed the details and participants in the crime, and expressly told him he was not interested in leniency. Daly and those of the prosecution staff who were familiar with the matter denied that he had solicited leniency or any promise, or that any promise of leniency or other consideration was ever made to him in return for his testimony. The substance of their testimony was that without any promise or inducement Daly volunteered his evidence, both before the grand jury and upon the trial, and from the outset emphasized that his cooperation was motivated solely by resentment because of petitioner's failure to provide for his family out of the proceeds of the robbery. The only reference to consideration came after Daly had made a clean breast of events. The District Attorney, adhering to his categorical denial that any promise was ever asked for or made to Daly, acknowledged that his general policy was to advise those who cooperated by giving truthful testimony that it would be called to the attention of the sentencing judge. Daly did not recall that the District Attorney ever told him this, but testified that after he had made a full disclosure and explained his reason therefor, he was asked whether he would accept leniency, to which he replied he would be a "damned fool if I didn't."

After the hearing the Trial Judge denied the writ of error coram nobis on two grounds:

(1) that the evidence "failed to establish that the testimony of the witness Daly at the trial was perjured testimony knowingly used by the prosecution"; and

(2) that "the defendant's own counsel * * * prevented disclosure of Daly's true motives for testifying against the petitioner."

Upon appeal by Fazio, the District Attorney expressly disavowed reliance upon the first ground,[3] and the Appellate Division, in affirming, relied upon the latter ground, stating:

" * * * it was his own counsel who prevented the defendant's accomplice, the witness Daly, from disclosing all the facts. This disclosure, if permitted, might have re-

---

**3.** This Court's analysis of the entire record indicates there is also substantial support for the view that Daly had not perjured himself.

vealed not only that the prosecutor had told Daly that if he testified as a People's witness his co-operation would be called to the court's attention at his sentencing, but also that this defendant was implicated in another crime * * *."[4]

The New York Court of Appeals affirmed[5] upon the same ground and expressly distinguished this case from People v. Mangi,[6] which held that due process required the State to disclose whether a witness had been promised consideration "in return for testifying."

█ Petitioner having exhausted available State remedies, his claim is properly before this Court. His petition to this Court rests upon the same grounds advanced in the State Courts.

█ Careful examination of both the transcript of petitioner's trial and of his coram nobis proceeding persuades the Court that his claim of denial of due process is without substance. The record establishes beyond challenge that it was petitioner's privately-engaged counsel who deliberately foreclosed a full exposition of all the facts and circumstances which led to Daly's appearance as a prosecution witness—a move no doubt justified by the knowledge previously conveyed to Fazio by Daly that he was going to turn State's evidence. Daly was not only ready, but eager, to state the reason. Had an answer been permitted, it would have not only revealed, as the coram nobis proceeding fully established, that his basic motivation was revenge to redress what he deemed a double cross by Fazio, but, in addition, damaging testimony of the latter's involvement in other criminal activities. Since it was petitioner's own counsel who, in Fazio's interest, prevented Daly from setting forth the reasons which motivated his trial testimony, there is no basis to support any ground for infringement of petitioner's right to a fundamentally fair trial.[7]

The petition for a writ of habeas corpus is dismissed.

---

4. People v. Fazio, 19 A.D.2d 640, 242 N.Y.S.2d 607, 608 (2d Dep't 1963).

5. People v. Fazio, 14 N.Y.2d 716, 250 N.Y.S.2d 62, 199 N.E.2d 162, remittitur amended, 14 N.Y.2d 841, 251 N.Y.S.2d 688 (1964). In affirming the Court of Appeals said: " * * * it was not the District Attorney who prevented the accomplice witness from fully explaining his motive for offering testimony that implicated defendant in the crime for which he was convicted." 14 N.Y.2d at 717, 250 N.Y.S.2d at 63, 199 N.E.2d at 162.

6. 10 N.Y.2d 86, 217 N.Y.S.2d 72, 176 N.E. 2d 86 (1961).

7. Cf. Frand v. United States, 301 F.2d 102, 103 (10th Cir. 1962) ; Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787, 792–794, cert. denied, 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86 (1958) ; United States v. Nersesian, Cr. No. 136–71, S.D. N.Y., Oct. 2, 1959; Application of Atchley, 169 F.Supp. 313, 317 (N.D.Calif. 1958).