**UNITED STATES of America ex rel. Ponell JOHNSON, Petitioner,**

v.

**Harold W. FOLLETTE, Warden of Green Haven State Prison, Stormville, New York, Respondent.**

No. 68 Civ. 637.

United States District Court
S. D. New York.

May 22, 1968.

Ponell Johnson, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent. Michael H. Rauch, Asst. Atty. Gen., of counsel.

OPINION

WEINFELD, District Judge.

Petitioner, under sentence of two concurrent terms of thirty years to life imposed pursuant to judgments of conviction of murder in the second degree, entered upon a jury verdict in the Supreme Court, New York County, seeks his release upon a federal writ of habeas corpus based upon alleged violation of his constitutional rights under the Fifth and Fourteenth Amendments. The basic allegation of deprivation of his constitutional right to due process of law is the admission in evidence of a statement taken soon after his arrest, which

petitioner contends was involuntary. It is not disputed that defense counsel did not object to its admission. Petitioner, however, contends that the trial court, aware of petitioner's mental condition, was under a duty sua sponte, to direct a hearing as to the voluntariness of the statement.

The petitioner was indicted for murder in the first degree on two separate counts for the fatal shooting of two young girls employed by the same firm where he was employed. His defense was not guilty by reason of insanity. The State, apart from its position that the failure of the defense to object to the introduction of the statement forecloses petitioner's claim for relief, asserts that the failure to object was a deliberate trial tactic to support the defense of insanity. The State trial judge so found in a coram nobis proceeding wherein petitioner sought to vacate the judgment of conviction upon the ground here urged. The trial judge, in dismissing that petition, stated: "The defendant did not raise the issue of involuntariness * * *. In fact, it was the strategy of the defense to waive any objection to the admission into evidence of the confessions in order to buttress the defense of insanity. Defense tactics included the position that only an insane person would have committed the crimes and only a crazy person would have confessed."

■ This court's reading of the voluminous trial record emphasizes that this indeed was the trial strategy of the defense. The fact that the petitioner committed the homicides was not in issue; it was readily acknowledged in the opening statement by defense counsel and again in his summation.[1] The statement was used by defense counsel in support of the insanity plea; it was stressed by him in his summation in an effort to persuade the jury that the defense was of substance.[2] Under the circumstances, the failure to challenge the voluntariness of the statement bars consideration of the claim of constitutional infirmity,[3] unless, as petitioner contends, the court, on its own, should have raised the issue.

■ Petitioner contends that the trial court should have interfered with defense counsel's strategy and, sua sponte, conducted an inquiry as to the voluntariness of the confession. This is based upon a claim which assumes that the statement was involuntary because shortly after petitioner's arrest he was found to be psychotic and was sent to Matteawan State Hospital, of which fact the trial judge was aware. However, petitioner was released and brought to trial only after he was found competent to stand trial and to confer with and assist counsel in his own defense. There is no showing, much less any allegation, that at the trial petitioner was unable to consult with counsel with respect to all matters occurring at the trial, including the statement. There is no question of the competency of trial counsel, who, the record demonstrates, conducted the defense with skill and vigor. Under all the circumstances, there was no duty upon the court to override the deliberate and calculated strategy of the defense with respect to the confession.

The petition is dismissed.

1. SM 506–7; 1046.

2. SM 1060, et seq.

3. United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed. 2d 663 (1966); United States ex rel. Forella v. Follette, 269 F.Supp. 627 (S.D. N.Y.1967). Cf. United States ex rel. Schaedel v. Follette, 275 F.Supp. 548 (S.D.N.Y.1967); United States ex rel. Fazio v. Fay, 236 F.Supp. 211 (S.D. N.Y.1964), aff'd, 348 F.2d 418 (2d Cir. 1965), cert. denied, 383 U.S. 938, 86 S.Ct. 1069, 15 L.Ed.2d 854 (1966).