Amos S. LANE, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 5823.

Supreme Court of Wyoming.

May 12, 1983.

Sylvia Lee Hackl, Cheyenne, Appellate Counsel, Wyoming Public Defender Program, signed the brief and appeared in oral argument for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen. and Thomas T.C. Campbell, Legal Intern (argued), Cheyenne, signed the brief, for appellee.

1. Rule 36, W.R.Cr.P., provides in pertinent part:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner * * * within 120 days after the sentence is imposed * * *."

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

ROONEY, Chief Justice.

After a plea of guilty to an information charging appellant-defendant with obtaining property by false pretenses in violation of § 6–3–106, W.S.1977, he was called before the district court on October 30, 1980, for sentencing. At that time, the court said:

"Amos S. Lane, it is the judgment of this court that you will hereby be sentenced to a term of not less than two years nor more than five years in the Wyoming State Penitentiary. The court is going to provide that this sentence be served after you are released from Federal incarceration; in other words, that the sentence be served not concurrently with what you ultimately receive in Federal court."

However, the written Judgment and Sentence filed on November 12, 1980, made no mention of the fact that the sentence be served consecutively to the federal sentence. The Mittimus, dated November 7, 1980 and filed November 12, 1980, reflected that the sentence was to:

" * * * run consecutively with any Federal sentence imposed and after Amos S. Lane is released from Federal incarceration * * *."

On September 16, 1982, appellant filed a motion pursuant to Rule 36, W.R.Cr.P., "to correct an illegal sentence." [1] After a hearing, the court denied the motion and ordered a Nunc Pro Tunc Judgment and Sentence:

" * * * be entered to make the written Judgment and Sentence correctly reflect what was pronounced orally in open Court."

The Nunc Pro Tunc Judgment and Sentence so reflecting was filed October 15, 1982.

The sentence is not an illegal sentence from the standpoint of being without the maximum and minimum terms set by statute. The motion was out of time if the contention is that the sentence was imposed in an illegal manner.

On appeal from the Nunc Pro Tunc Judgment and Sentence, appellant words the only issue:

"Whether the trial court erred in denying Appellant's Rule 36 motion to correct the sentence imposed against him, so as to reflect that Appellant's state sentence was to be served concurrent with his federal term."

We affirm.

Appellant argues that sentences are to be served concurrently when the judgment and sentence is silent with reference to the concurrent or consecutive aspect. He argues further that a sentence cannot be modified after the expiration of the term in which it was rendered and recorded, nor, in any event, to increase its severity.

Appellant's argument is premised upon the proposition that the written judgment and sentence is *the* judgment and sentence and controls over an oral sentence in variance with it. We have held to the contrary:

"There were no improper proceedings in the courtroom. Judgment and sentence were properly pronounced orally by the court, for the crime charged. However, there was a mistake in the written record of the judgment and sentence. The written *'JUDGMENT AND SENTENCE'* which was afterwards signed and entered failed to correctly represent what the judge had actually done in open court.

\* \* \* \* \* \*

"A judgment is one thing. The record of a judgment is a different thing, and what purports to be a record of a judgment may or may not be correct. If not correct, the settled rule is that the trial court not only has the right but is under a duty to make the judgment speak the truth, and this can be done at any time. [Citations.]" *Fullmer v. Meacham,* Wyo., 387 P.2d 1007, 1009 (1964).

See *United States v. Mason,* 440 F.2d 1293 (10th Cir.1971), cert. denied, 404 U.S. 883, 92 S.Ct. 219, 30 L.Ed.2d 165; *State v. Bradley,* Me., 414 A.2d 1236 (1980); Rule 37, W.R. Cr.P.[2]

There is little need to add to that already said by this court in 1964. The transcript of the oral sentence and judgment and the Mittimus were unambiguous and plain in directing the consecutive nature of the sentence. The written Judgment and Sentence contained an oversight and omission in this respect, and it was properly corrected by the trial court in the Nunc Pro Tunc Judgment and Sentence.

Affirmed.

---

**2.** Rule 37, W.R.Cr.P., provides:

"Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."