**Steven McGRAW, Appellant
(Defendant),**

v.

**STATE of Wyoming, Appellee
(Plaintiff).**

**No. 89–1.**

Supreme Court of Wyoming.

March 10, 1989.

Steven McGraw, pro se.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Karen A. Byrne, Sr. Asst. Atty. Gen., and Terry L. Armitage, Asst. Atty. Gen., for appellee.

Before THOMAS, URBIGKIT, MACY and GOLDEN, JJ., and GUTHRIE, Ret. J.

MACY, Justice.

Appellant Steven McGraw seeks review of a district court order denying his motion to correct an illegal sentence. He claims that the district court improperly amended, or enlarged, his sentence for escape to make it consecutive to another sentence he was already serving.

We affirm.

On March 12, 1986, appellant was serving a four- to six-year sentence at the Wyoming State Honor Farm in Fremont County, Wyoming, for a 1985 auto theft conviction. On that day, he escaped from his confinement, stole a car in Riverton, and set off for Spokane, Washington. He was apprehended in Wallace, Idaho, and, after waiving extradition, he was returned to Wyoming to face charges of escape and auto theft.

Appellant entered into a plea agreement and, in accordance with that agreement, pleaded guilty to escape. In exchange, the new auto theft charge was dropped. At the sentencing hearing, the court orally announced that appellant was sentenced to a term of imprisonment of two to four years to be served consecutively to the remainder of his sentence on the 1985 auto theft conviction. The written judgment

and sentence, which was prepared after the conclusion of the oral sentencing proceedings, provided that his sentence was two to four years but did not specify that it was consecutive to the auto theft sentence. On July 21, 1986, the district court entered an order nunc pro tunc amending the June 27, 1986, sentence to include a statement that the escape sentence was to be served consecutively to the 1985 auto theft sentence.

On November 17, 1988, appellant filed a motion to correct an illegal sentence, as provided for in W.R.Cr.P. 36(a). He claimed that the order nunc pro tunc had the effect of unconstitutionally increasing his sentence after he had begun to serve it. The district court denied his motion to correct an illegal sentence, and appellant took this appeal asserting that same claim in this Court.

Our decision in this case is governed by *Lane v. State*, 663 P.2d 175, 176 (Wyo. 1983), wherein we held that a district court could properly correct a judgment and sentence by an order nunc pro tunc to accurately reflect what had been unambiguously pronounced at the sentencing hearing. *See also United States v. Villano*, 816 F.2d 1448 (10th Cir.1987). That is precisely what occurred in this instance.

AFFIRMED.