**Richard Dean KROW, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 92–99.**

Supreme Court of Wyoming.

Oct. 26, 1992.

---

Richard Dean Krow, pro se.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., and Mary Beth Wolff, Asst. Atty. Gen., Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

GOLDEN, Justice.

Richard Krow appeals from a district court order which denied his motion to correct an allegedly illegal sentence.

We affirm.

## ISSUES

The issues on appeal are:

1. Whether appellant was denied due process of law by the district court's failure to hold a preliminary hearing to determine if probable cause existed that he had violated a term of his probation.

2. Whether the district court's order which revoked appellant's probation and reimposed his original sentence of two to five years confinement was supported by sufficient evidence.

3. Whether appellant was denied his constitutional right against double jeopardy when the district court reimposed his original sentence after such sentence had been reduced to time served and five years probation.

4. Whether appellant was denied his constitutional right against double jeopardy when the district court failed to grant full credit for time spent in S.T.O.P.

## FACTS

On June 9, 1989, appellant pleaded guilty to one count of taking indecent liberties with a minor in violation of Wyo.Stat. § 14-3-105 (1986). He was sentenced on October 27, 1989, to serve not less than two nor more than five years in the Wyoming State Penitentiary.

On November 21, 1989, appellant filed a motion to have his sentence reduced. The district court granted this motion at a hearing which was held on October 26, 1990. At the hearing, the district court informed appellant that his original sentence of two to five years confinement would be suspended and that he would be placed on probation for five years. Appellant was also advised that he would receive credit for time served against his term of probation and that he would be required to serve the first year of probation in the Surveillance and Treatment of Offender Program (S.T.O.P.).

On August 26, 1991, appellant filed a second motion to have his sentence reduced. Appellant asserted that he would

be rehired by Union Pacific Railroad if he could obtain an early release from S.T.O.P. On September 10, 1991, before any action was taken on appellant's motion, the district attorney filed an affidavit and request for a hearing to show cause why appellant's probation should not be revoked. The district attorney stated in his affidavit that appellant had violated a probation condition by attempting to contact, in April, May and July of 1991, the victim of his offense. The district attorney's affidavit was supported by an affidavit from the victim.

A hearing was scheduled for and held on September 20, 1991. The district attorney presented testimonial evidence from appellant's probation officer and from the victim regarding the alleged probation violations. Appellant, who was represented by counsel, testified on his own behalf to explain that his run-ins with the victim were mere "coincidences" which did not constitute "contact." Appellant also had his social worker testify concerning the progress he had made in therapy. Following the hearing, the district court revoked appellant's probation and reimposed his original sentence. The district court gave appellant credit for time previously served in confinement and for 120 days in S.T.O.P.

On April 14, 1992, appellant filed a motion to correct the sentence imposed by the district court following the probation revocation hearing. In this motion, appellant raised the due process, sufficiency of the evidence, and double jeopardy issues which are presently before this court. The district court denied appellant's motion by order dated April 17, 1992. Appellant appeals that order.

## DISCUSSION

■ Appellant's first contention is that he was denied the process of law due by the district court's failure to hold a preliminary, probable cause hearing before it held the final revocation hearing. Our discussion of this argument need only be brief as we have "walked this way before." *Murphy v. State*, 592 P.2d 1159, 1162 (Wyo. 1979).

In *Knobel v. State*, 576 P.2d 941 (Wyo. 1978), we addressed whether *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) required state courts to hold a preliminary and a final probation revocation hearing. We held that a probationer's due process rights are adequately protected where a district court, as in this case, settles not only the initial probable cause question but also determines the fate of the probationer in a single revocation hearing held in compliance with Wyo.R.Crim.P. 33(f).[1] *Knobel*, 576 P.2d at 942–43; *accord Weisser v. State*, 600 P.2d 1320 (Wyo.1979).

While the process due a probationer does not necessarily include both a preliminary and a final revocation hearing, it does include the right to reasonable notice and a meaningful opportunity to be heard. *See, e.g., Swackhammer v. State*, 808 P.2d 219 (Wyo.1991); *Mason v. State*, 631 P.2d 1051 (Wyo.1981). In this case, appellant was notified of the probation violations alleged against him. In response to this notice, his attorney prepared for the hearing by obtaining a court order requiring the Department of Probation and Parole to release relevant information and by having appellant's social worker subpoenaed to testify. A hearing was then held at which a neutral decisionmaker presided. At this hearing, appellant confronted the witnesses against him through cross-examination conducted by his attorney. He also presented evidence and argument on his own behalf. We hold that appellant's probation revocation hearing was held in compliance with Wyo.R.Crim.P. 33(f) and that he was afforded due process of law.

---

1. Wyo.R.Crim.P. 33(f), effective until March 24, 1992, provided:

    *Revocation of probation.*—The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing.

    The procedures governing probation revocation are now outlined in substantially greater detail by Wyo.R.Crim.P. 39.

Appellant's second contention is that there was insufficient evidence to support the district court's order which revoked his probation and reimposed his original sentence. Specifically, appellant contends that there was not "a shred of evidence" that he had "contact" with the victim in violation of his probation agreement. He argues that his run-ins with the victim were "coincidental" and that they did not constitute "contact" as he neither spoke to nor touched the victim. We disagree.

■ The duties of a district court in a probation revocation hearing are to determine: (1) whether there are verified facts which establish by a preponderance of the evidence that a condition of probation has been violated; and, if so, (2) whether probation should be revoked in light of the proven violation. *Swackhammer*, 808 P.2d at 224; *Mason*, 631 P.2d at 1055. Upon review, all that is necessary to uphold a district court's decision to revoke probation is evidence that it made a conscientious judgment, after hearing the facts, that a condition of probation had been violated. *E.g.*, *Kupec v. State*, 835 P.2d 359 (Wyo.1992).

■ A special condition of appellant's probation was that he "have no contact with the victim * * * under any circumstances, at any time." At the hearing, the victim testified that appellant had stopped and "stared" at her while she was at Lion's Park with some friends in April of 1991; that he had "followed" her and a friend around Frontier Mall in May of 1991, causing them to hide in the restroom of a department store; and that he had "stared" at her while she was pushing carts from the Buttrey's parking lot to the store in July of 1991. Appellant's probation officer confirmed the victim's testimony, in part, by testifying that appellant had disclosed during a S.T.O.P. group therapy session that he had "followed" the victim at the Frontier Mall.

While appellant explained his encounters with the victim as mere coincidences (he was at Lion's Park to "sit in the sun," at the Frontier Mall to "buy his mother a card," and at Buttrey's to "buy a light bulb"), evidence was also presented which would support a finding that the encounters were the result of appellant's strong sexual attraction to the victim. Accordingly, we hold that the record reflects that the district court made a conscientious judgment, after hearing the facts, that appellant had not only violated a term of his probation, but also that probation should be revoked to give the victim "peace of mind."

■ Appellant's third contention is that the district court violated his constitutional right against double jeopardy by reimposing his original sentence of two to five years confinement after revoking his probation. Specifically, appellant points to the order reducing sentence which was filed on November 16, 1990. This order purports to "reduce" appellant's original sentence "to time served and five years probation." Appellant argues that, since his original sentence was "reduced" and not "suspended," the district court effectively sentenced him twice for the same crime. We disagree.

The record reflects that the district court held a hearing on October 26, 1990, concerning appellant's first motion to reduce sentence. At the hearing, the district court granted appellant's motion and stated:

Your sentence that was entered November 8, 1989, will be modified as follows:

First, the basic term of two to five years will remain, but that term—the additional term of two years will be suspended because of the fact—in view of the fact that you have served time as to that two-year sentence.

You will be placed on a period of probation for a period of five years, with credit given for all your time served to date.

As is clear from the foregoing, the district court suspended appellant's original sentence and placed him on five years probation. Appellant's attorney was instructed to prepare an order reflecting this modification of sentence. The order reducing sentence which was prepared, however, did not accurately reflect the sentence modification. Rather than provide that appellant's sentence had been suspended and

that he had been placed on five years probation, it provided that his sentence had been reduced to time served and that he had been placed on five years probation.

This court has previously held that the judgment and sentence pronounced orally in open court governs a subsequent, inconsistent written judgment and sentence. *Lane v. State,* 663 P.2d 175, 176 (Wyo. 1983); *Fullmer v. Meacham,* 387 P.2d 1007, 1009 (Wyo.1964). We believe that this rule should also apply in the context of sentence modification. Consequently, we hold that the district court did not violate appellant's constitutional right against double jeopardy by reimposing his *suspended* sentence following revocation of probation. Additionally, we direct the district court to enter an order nunc pro tunc to cause the record to accurately reflect the sentence modification made orally by the court on October 26, 1990. *See Lane,* 663 P.2d at 176; *Meacham,* 387 P.2d at 1009; Wyo. R.Crim.P. 37.

■ Appellant's final contention is that, because the district court failed to give him full credit for time spent in S.T.O.P., he is being punished twice for the same crime in violation of the constitutional guarantee against double jeopardy. This argument must fail in light of *Kupec,* wherein we recently held that a district court need not give a probationer credit for time served in S.T.O.P. upon revocation of probation. *Kupec,* 835 P.2d at 362. That the district court gave appellant partial credit for time in S.T.O.P. is attributable to judicial grace, not constitutional mandate. We hold accordingly.

## DISPOSITION

The order of the district court which denied appellant's motion to correct an allegedly illegal sentence is affirmed, and the district court is directed to enter an order nunc pro tunc to correct the order of November 16, 1990, which purported to reduce appellant's sentence to time served and five years probation.