Roger Ford, Rawlins, pro se.

Joseph B. Meyer, Atty. Gen., D. Michael Pauling and Mary Beth Wolff, Sr. Asst. Attys. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

Appellant Roger Ford contends the district court erred in denying his motion to correct his sentence. Ford was originally sentenced to a term of 27 months to 72 months in the Wyoming State Penitentiary. However, that sentence was suspended and Ford was allowed to serve six months in the Campbell County Jail and then a term of probation. Ford was unsuccessful in completing that period of probation. After a first probation revocation [1] hearing, Ford was directed to serve an additional one month in the Campbell County Jail and his probation

Roger **FORD**, Appellant (Defendant),

v.

The **STATE** of Wyoming, Appellee (Plaintiff).

No. 94–246.

Supreme Court of Wyoming.

June 13, 1995.

---

1. In both instances, revocation proceedings were initiated because Ford tested positive for, and admitted using, marijuana.

was reinstated. After a second probation revocation hearing, the district court imposed the original prison term, less credit for time served in the county jail. In that process, the district court stated: "I'm revoking your probation, Mr. Ford. The sentenced originally imposed is reimposed. * * * You'll be given credit for the time that you've served on probation * * *." Later in that same colloquy, the district court added, "You're given credit for the time that you previously served in the Campbell County Jail."

■ Ford claims the district court orally directed that he should receive credit against his prison sentence for all time he served on probation. The sentence the district court imposed was 27 months to 72 months. Ford spent about 32 months on probation. It would have been meaningless for the district court to have imposed a sentence of 27 months and then given credit for over 30 months on that sentence. Of course, this issue was joined when the district court's order revoking probation provided that Ford receive credit for the seven months he had spent in the Campbell County Jail, not credit for all time served on probation. One option theoretically available to the district court would have been to give Ford credit for time spent on probation. If the sentencing court wanted to accomplish that result, the proper approach would be to resentence the defendant by reducing the time served. The district court opined that Ford had viewed treatment as a way of avoiding consequences for his actions and not as a solution for his problems and that he had been patently untruthful with his probation officers, as well as the district court. It is clear the intent, as well as the net result, of the district court's colloquy was: "You'll be given credit for the time you've served [in jail while] on probation."

Ford relies upon a theory that the unambiguous oral sentence must take precedence over the written sentence. *Christensen v. State*, 854 P.2d 675, 678 (Wyo.1993). As noted above, when the district court's pronouncement of sentence is read as a whole, rather than one isolated part, there is no ambiguity in the oral pronouncement of the district court and it is consistent with the written version of the sentence. *Krow v. State*, 840 P.2d 261, 264–65 (Wyo.1992). The record of the judgment correctly reflects the sense of the district court's oral pronouncements. *Lane v. State*, 663 P.2d 175, 176 (Wyo.1983).

The order of the district court revoking Ford's probation and imposing a sentence of 27 to 72 months, less credit for seven months spent in the Campbell County Jail, is affirmed.