■ CORRINE PATTERSON, Respondent, v. CITY OF NEW YORK, Appellant.— Judgment for plaintiff unanimously reversed, on the law and on the facts, and a new trial ordered, with costs to abide the event. The finding implicit in the verdict that the accident was not the result of plaintiff's slipping or being knocked down, but was solely attributable to the failure of guards to restrain the action of the crowd which allegedly pinned her in and pushed her to her injury was against the weight of the credible evidence, in view of the impressive evidence to the contrary. (Cf. *Ryan* v. *City of New York*, 7 A D 2d 298; *Stern* v. *City of New York*, 283 App. Div. 1101.) The evidence did not satisfactorily establish the foreseeability of such overcrowding on the platform at that hour as to completely restrict all freedom of movement, nor was it shown that the presence of any additional guards would have prevented the accident. Concur — Botein, P. J., M. M. Frank, Valente, McNally and Stevens, JJ.

■ RONSON ART METAL WORKS, INC., Appellant-Respondent, v. GIBSON LIGHTER MFG. Co. et al., Defendants, and GEORGE J. MANNE, Doing Business as GIBSON LIGHTER MFG. Co., et al., Respondents-Appellants.— Judgment unanimously modified, in the court's discretion, to the extent of eliminating therefrom the third decretal paragraph and substituting in place thereof a provision that the costs of the first and second references be awarded to plaintiff and against the defendants and as thus modified the judgment is affirmed, with costs and disbursements to plaintiff-appellant. The injunction and the resulting order of reference were occasioned solely by defendants' unfair competition. On a prior appeal (283 App. Div. 937) we held that despite the difficulty with which plaintiff would be confronted in attempting to establish damages, it nevertheless had the right to pursue that course if so advised. While we agree with the court below that plaintiff has failed in that respect, we do not consider it a sufficient ground for imposing on plaintiff the costs of the reference. On the contrary those costs should be borne by defendants, whose acts made the reference necessary. Settle order on notice. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ M. MAL DEITCH, Respondent-Appellant, v. HARRY KESSLER et al., Appellants-Respondents.— Judgment unanimously modified on the law to the extent of allowing interest on the sum of $15,000 from July 2, 1956, as against all defendants and is otherwise affirmed, with costs to plaintiff-respondent-appellant. The trial court found that there was no legal basis or justification for the payment on July 2, 1956, of the additional sum of $15,000, or its retention by Kessler, and concluded that the exaction of such payment was made under duress. Accordingly, plaintiff is entitled to interest from the date when he was wrongfully deprived of his property. (*Flamm* v. *Noble*, 296 N. Y. 262.) Settle order on notice. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ. [13 Misc 2d 421.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHAN MOORE and EUGENE TOPPING, Appellants.— Judgment appealed from by Eugene Topping unanimously affirmed. No opinion. Judgment appealed from by Nathan Moore unanimously affirmed. No opinion. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Bergan, JJ.