**UNITED STATES of America ex rel. Clarence MOORE, Petitioner,**

**v.**

**Edward M. FAY, Warden of Green Haven State Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.

Feb. 25, 1965.

# 1006

---

Clarence Moore, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent; Michael H. Rauch, Deputy Asst. Atty. Gen., of counsel.

## WEINFELD, District Judge.

The petitioner, charged with murder in the first degree, was convicted of a lesser crime, manslaughter in the first degree, in the Court of General Sessions, New York County, and was sentenced in 1947 to a term of from ten to twenty years. No appeal was taken from the judgment of conviction.

He now seeks to avoid the conviction, contending that his Federally protected right to a fair trial was violated. The attack centers upon the alleged misconduct of a trial juror, the Trial Court's action with respect thereto, and the abandonment by petitioner's counsel, allegedly without his consent, of a reserved motion for a new trial, thereby waiving his claim of denial of a fundamentally fair trial, based upon both the juror's and the Trial Court's action. In 1960 petitioner sought relief in the state courts by way of writ of error coram nobis, but his claim there failed; accordingly, it appears that petitioner is properly before this Court.

Upon the entire record the Court finds that none of petitioner's contentions establishes he was deprived of a fair trial within the due process clause of the Fourteenth Amendment so as to entitle him to release from state custody under a Federal writ of habeas corpus.

The petitioner's charges are based upon facts disclosed by the Trial Judge immediately prior to sentence. The petitioner, his codefendant and their respective counsel were then advised by the Court that after the rendition of the verdict a juror commented to the prosecutor that it was fortunate a manslaughter verdict had been returned against the defendants, since a higher degree of guilt might have resulted in reversal because of a question asked by the prosecution which the Court had allowed over defense objection and which the juror deemed improper. The Trial Judge then interrogated the juror in the absence of defense counsel.[1] The juror disclosed that during the trial, on his own initiative, he had communicated by telephone with an attorney friend as to the propriety of the question, but the attorney, inexperienced in criminal matters, expressed no view. The juror acknowledged that his action was contrary to the Court's admonition given to jurors during the trial.[2] The foreman and a third juror were also interrogated; the foreman recalled that during jury deliberations someone raised the issue of possible error because the Trial Judge permitted the question, but asserted that little attention was paid thereto.

When the Court concluded the statement of its inquiry with respect to the

---

1. For purposes of this application the Court accepts the petitioner's statement that the prosecutor was present at the interrogation, although the Trial Judge's remarks at sentencing permit a contrary view.

2. N.Y.Code Crim.Proc. § 415. "Jurors Not To Converse Together On The Subject Of The Trial, Nor Form An Opinion Until The Cause Is Submitted.
   "The jury must also, at each adjournment of the court, whether permitted

to separate or kept in charge of officers, be admonished by the court, that it is their duty not to converse among themselves on any subject connected with the trial, or to form or express any opinion thereon, until the cause is finally submitted to them."
   § 415 has been construed to require a judicial admonition also with respect to communications with nonjurors. People v. Frasco, 187 App.Div. 299, 175 N.Y.S. 511 (2d Dept. 1919).

juror's conduct, petitioner's counsel made a plea for mercy and the Court and defense counsel had an off-the-record conference. Immediately thereafter—but before imposition of sentence—the defense attorneys separately referred to the fact that upon the return of the guilty verdict each defendant had reserved the right to move to set aside the verdict, but now wished it to stand. Counsel for petitioner's codefendant not only noted that the abandonment of the motion was made in view of the Court's statement, but expressed concern that the Court might set aside the verdict and order a retrial.

■ There can be no doubt that the juror's communication with the third party violated the Court's express instruction, in consequence of which the juror's name was stricken from the jury list. However, not every violation by a juror of the Court's instructions with respect to third party communications, nor every irregularity in a juror's conduct, automatically compels the declaration of a mistrial, the replacement of a juror, or the vacatur of a judgment of conviction. The dereliction must be such that it may be said to deprive the parties of the continued objective and disinterested judgment of the juror, thereby foreclosing a fundamentally fair trial.[3] This is not a case where a third party communicates with a juror with overtones of bribery, coercion, tampering, shadowing or other conduct which at once carries with it a presumption of prejudice.[4]

Here the juror, seemingly in doubt as to the prosecution's action and the Court's ruling, himself initiated the communication. In and of itself, the incident did not suggest any prejudicial attitude toward the defendants. However, had it been discovered during the trial, it would have required an inquiry by the Court to determine whether the juror still possessed the essential impartiality required to pass upon the issues with fairness to the parties.[5] But the conduct was not revealed to the Court until after the rendition of the verdict.

■ When it did come to the Trial Court's attention, any inquiry of the juror touching upon his continued qualification required the presence of defense counsel as well as the prosecution.[6] Had counsel been in attendance at the inquiry, she then would have been in a position, if she felt the facts so warranted, to move for appropriate relief. But the fact of the juror's action and the Court's inquiry was revealed to counsel and the defendants at the sentencing procedure and before the imposition of sentence. Then outstanding were reserved motions of petitioner and his codefendant to set the verdict aside and for a new trial based on general grounds. In addition, the defendants then had an added ground to support their motions for a new trial since New York law expressly provides for such relief where a juror has "been guilty of any misconduct by which a fair and due consideration of the case has been prevented."[7] Although fully ap-

3. See United States v. Gersh, 328 F.2d 460, 462 (2d Cir.), cert. denied sub nom. Mugnola v. United States, 377 U.S. 992, 84 S.Ct. 1919, 12 L.Ed.2d 1045 (1964); United States v. Dennis, 183 F.2d 201, 228–229 (2d Cir. 1950), aff'd, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951); Wheaton v. United States, 133 F.2d 522, 527 (8th Cir. 1943); N.Y.Code Crim. Proc. § 465(3); People v. Dunbar Contracting Co., 215 N.Y. 416, 426, 109 N.E. 554 (1915).

4. Compare Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954); People v. Cocco, 305 N.Y. 282, 113 N.E.2d 422 (1953).

5. Cf. N.Y.Code Crim.Proc. § 376.

6. Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954).

7. N.Y.Code Crim.Proc. § 465.
"The court * * * has power to grant a new trial, when a verdict has been rendered against the defendant, by which his substantial rights have been prejudiced, upon his application, in the following cases:
*    *    *    *    *
"3. When the jury * * * have been guilty of any misconduct by which a fair and due consideration of the case has been prevented; * * *."

prised of all facts arising out of the juror's conduct, petitioner's counsel did not press the reserved motion for a new trial, stating, "We now wish the verdict to stand. We have no motion to make." Not only was that motion abandoned, but no request was made for a hearing to determine whether or not the juror's action had resulted in prejudice. Petitioner, upon the facts presented, was not automatically entitled to a vacatur of the guilty verdict and a new trial; he was, at best, entitled to a hearing to determine whether the verdict was tainted.[8] It is beyond challenge that these decisions were not happenstance or oversight, but reflected a deliberate choice—an intentional waiver of the right to challenge the conviction upon the grounds now advanced—assuming arguendo upon these facts that the jury's verdict was subject to attack for alleged constitutional infirmity because of the juror's conduct and the Court's action in questioning him in the absence of defense counsel. It is clear that with the basic facts disclosed at the time of sentencing, counsel for petitioner, in his presence and with his acquiescence, determined that a new trial presented the risk of conviction for murder in the first degree rather than manslaughter—the verdict returned by the jury.[9] Petitioner is bound by this tactical decision [10]—one that appeared satisfactory to and was accepted by him at that time. Having had the benefit of what in 1947 seemed a desirable result,

he cannot now be heard to say he was deprived of a fair trial. Petitioner has not presented any evidential material other than his own statement to suggest any prejudicial attitude or that an issue of prejudice ever existed.[11] Moreover, the record fails to support his present contention that the decision of his counsel not to press for a new trial or to request a hearing on the issue of alleged prejudice was made without his consent.

The petition for a writ of habeas corpus is dismissed.

8. United States v. Gersh, 328 F.2d 460, 464 (2d Cir.), cert. denied sub nom. Mugnola v. United States, 377 U.S. 992, 84 S.Ct. 1919, 12 L.Ed.2d 1045 (1964). See also, People v. Cocco, 305 N.Y. 282, 113 N.E.2d 422 (1953).

9. In New York an appellant is subjected to the risk that, should he win a new trial, he may be reprosecuted for any offense alleged in the original indictment, including those upon which he was expressly or impliedly acquitted in the first instance. People v. McGrath, 202 N.Y. 445, 450–451, 96 N.E. 92 (1911); People v. Palmer, 109 N.Y. 413, 17 N.E. 213 (1888). The contrary Federal rule announced in Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199

(1957), which forbids retrial for the greater crime following conviction for a lesser included offense, thus far has not been applied to state criminal proceedings. See Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937); Note, "Double Jeopardy: The Reprosecution Problem," 77 Harv.L.Rev. 1272, 1286–89 (1964).

10. See Henry v. State of Mississippi, 379 U.S. 443, 450–452, 85 S.Ct. 564, 13 L.Ed. 408 (1965); United States ex rel. Fazio v. Fay, 236 F.Supp. 211, 214 (S.D.N.Y. 1964).

11. See United States v. Gersh, 328 F.2d 460, 464 (2d Cir.), cert. denied sub nom. Mugnola v. United States, 377 U.S. 992, 84 S.Ct. 1919, 12 L.Ed.2d 1045 (1964).