■ AMERICA DE PALMA et al., Appellants-Respondents, v. COTILLION TERRACE, INC., Respondent-Appellant.— In a negligence action by a wife and her husband to recover damages for personal injury and loss of services, in which, after trial, the jury rendered a verdict for $50,000 and $4,000 in favor of the plaintiff wife and her husband respectively, and in which the court directed a new trial unless the plaintiff wife, within a specified period, stipulated to reduce to $23,500 the jury's award in her favor, the parties cross-appeal as follows from orders of the Supreme Court, Kings County: (1) The plaintiffs appeal: (a) from an order, entered May 13, 1964, which granted the defendant's motion and which set aside the verdict on the ground that the jury's award of $50,000 damages to the plaintiff wife was excessive and directed a new trial upon her failure, within 10 days after service of a copy of the order, to accept the reduced sum of $23,500 as fixed by the court; and (b) from an order of said court, entered August 21, 1964, which denied plaintiffs' motion to extend the time to consent to such reduction until 20 days after determination of the appeal from the prior order of May 13, 1964. (2) The defendant appeals from so much of the order of May 13, 1964: (a) as conditioned the setting aside of the verdict upon the plaintiff wife's failure to accept the reduced sum of $23,500, and as failed to do so unconditionally; and (b) as failed to grant defendant's motions to dismiss the complaint. Order of May 13, 1964 modified on the law and the facts as follows: (1) by striking out its first and second decretal paragraphs setting aside the jury's verdict and granting a new trial by reason of the failure, within the 10-day period prescribed, to accept the reduced sum of $23,500 as damages; and (2) by substituting therefore two paragraphs: (a) a paragraph granting the defendant's motion, setting aside the jury's verdict and directing a new trial unless, on or before June 25, 1965, the plaintiff wife shall have served and filed a written stipulation consenting to reduce to $30,000 the jury's verdict in her favor, and consenting to the entry of judgment accordingly; and (b) a paragraph that, in the event such stipulation shall have been served and filed, then the defendant's motion to set aside the verdict and for a new trial is denied unconditionally; and in the event that such stipulation shall not have been served and filed within the time prescribed, then such motion is granted unconditionally and a new trial directed. As thus modified, the order, insofar as appealed from by the respective parties, is affirmed, without costs. The plaintiffs' appeal from the order of August 21, 1964 is dismissed as academic, without costs. We find too drastic the trial court's conditional reduction to $23,500 of the jury's verdict in the plaintiff wife's favor. Under all the circumstances, it is our opinion that a reduction to $30,000 is fair, and that if the plaintiff wife elects not to accept such reduction a new trial should be had. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.