**UNITED STATES of America ex rel. Angelo FAZIO, Petitioner-Appellant,**

v.

**Honorable Edward M. FAY, as Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.**

**No. 547, Docket 29421.**

United States Court of Appeals Second Circuit.

Argued June 21, 1965.

Decided July 7, 1965.

Joshua N. Koplovitz, New York City (Anthony F. Marra, Legal Aid Society, New York City, on the brief), for petitioner-appellant.

Thomas F. O'Hare, Jr., Deputy Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before MOORE and ANDERSON, Circuit Judges, and LEVET, District Judge.[*]

LEVET, District Judge:

Fazio appeals from an order of the United States District Court for the Southern District of New York, Edward Weinfeld, District Judge, which denied appellant's petition for a writ of habeas corpus without a hearing. Judge Weinfeld granted a certificate of probable cause and leave to appeal *in forma pauperis* on December 15, 1964.

Appellant is presently held in custody by the Warden of Green Haven Prison, Stormville, New York, pursuant to a judgment of conviction for first degree robbery in a state court. Appellant seeks his release on the ground that his conviction was obtained in violation of his right to due process of law under the Fourteenth Amendment. Specifically, appellant claims that the District Attorney knowingly used perjured testimony and suppressed evidence beneficial to appellant.

The facts are as follows: Edward Daly, the principal prosecution witness, was an accomplice in the crime charged against appellant Fazio and another. The appellant based his petition for a writ on Daly's denial that his testimony against appellant had been motivated by an expectation of leniency. This denial ap-

---

[*] Sitting by designation.

pellant claims was false to the knowledge of the District Attorney who failed to disclose this to the court and to the appellant. The relevant testimony reads as follows:

*Cross-Examination of Daly*

"Q. Now, you were dickering for a plea, weren't you? A. I was offered a plea.

Q. Right—and that plea was to a felony, wasn't it? A. It was.

Q. Then you decided, did you not, to look for a break—just yes or no? A. No.

Q. In other words, you were not motivated to implicate persons charging them with crimes, with the hope for any sort of consideration?

Mr. McCabe: Object to the form.

The Court: Overruled. That is a very vital question in this case.

*By Mr. Fischbein:*

Q. What? A. No.

Q. Weren't you? A. No.

Q. You were not motivated to look for consideration?

A. I had—

Q. One moment—

The Court: No, Mr. Fischbein, please. Let us give the witness an opportunity to answer, and you will be given an opportunity to put the next question.

*By the Court:*

Q. Did you finish your answer? A. No; I did not.

Q. Finish your answer. A. I had a very good plea. I could have got robbery three and as a third offender only. The one in Federal don't count, because it don't come under the statuations [sic] of New York State. I could have got—I was facing five to twenty.

Q. Five to twenty? A. That is right; for robbery three. And that was—I don't think I can get any better break than what I got there; and that is the day I went down there and told them. I knew what I was going to get, and I don't think I was going to wind up with more the way things looked, than what I was going to get. That ain't the reason —to get any time off. That was not the reason. They know the reason as well as I do.

Mr. Fischbein: Now, your Honor, I move to strike that out as not responsive, an operation of the witness' mind.

The Witness: You wanted to know the reason. You asked me for the reason.

Mr. Fischbein: And at this time I ask the court to admonish the witness not to make any voluntary statements while I am discussing it with the court.

The Court: (To the witness) Yes; just pause for a moment. (To Mr. Fischbein and Mr. McCabe.) Come up.

\*　　\*　　\*　　\*　　\*

*By Mr. Fischbein:*

Q. You have not interposed a plea of guilty to the crime for which you have been indicted, have you? A. Not yet.

Q. Are you expecting some consideration as a result of the testimony you are giving here today? A. I don't know what they are going to do with me.

Q. Are you expecting? A. I was told this can get me—

Mr. Fischbein: I submit that was not the answer—the answer he is about to give—

The Court: You are quite right. The question is not what is going to happen. The question is what is in your mind.

A. No.

*By Mr. Fischbein:*

Q. You don't expect any consideration at all? A. None.

Mr. Fischbein: That is all of this witness."

At the conclusion of the case, appellant was found guilty and sentenced.

In 1962, appellant filed a petition for a writ of error *coram nobis* in the Supreme Court, Kings County. This petition was denied after a hearing by Judge Leibowitz. The Appellate Division, Second Department, affirmed in an unanimous *per curiam* opinion, 19 A.D.2d 640, 242 N.Y.S.2d 607 (1963), and was in turn affirmed by the New York Court of Appeals, 14 N.Y.2d 716, 250 N.Y.S.2d 62, 199 N.E.2d 162 (1964). Appellant then filed the habeas corpus petition which is the subject matter of the present appeal.

In the original *coram nobis* proceeding Judge Leibowitz denied appellant's motion on two grounds: (1) the evidence failed to establish that Daly's testimony was perjured testimony knowingly used, and (2) appellant's own counsel prevented disclosure of Daly's true motives for testifying.

The Appellate Division, the Court of Appeals, and the District Court all reached the same result on the basis of the second ground.

We agree with this conclusion and affirm the dismissal of the writ.

The sole question presented on this appeal is whether the District Attorney knowingly used perjured testimony and suppressed evidence beneficial to petitioner.

■ The questions asked of Daly by appellant's counsel at trial did not seek information as to whether anyone had made any promises to Daly. At the hearing before Judge Leibowitz, Miles F. MacDonald, District Attorney at the time of the trial, testified that his only statement to Daly was to the effect that whatever Daly did to cooperate would be called to the attention of the court at the time of sentence. The portion of the record included above reveals that appellant's counsel's questions were directed to whether Daly was motivated with the hope of any sort of consideration. These questions were purely subjective to Daly and we fail to find any basis for the claim of perjury. The record indicates that Daly had a strong revenge motive for testifying. Furthermore, appellant has offered nothing to show that Daly's answers were in fact false.

■ Finally, we agree with Judge Weinfeld and the other courts which have considered appellant's writs that it was appellant's own counsel who, for apparently adequate reasons, prevented disclosure of Daly's true motives for testifying against him. Appellant should not now be allowed to challenge a legitimate decision made in his interest by counsel of his own choosing. See United States v. Garguilo, 2 Cir., 324 F.2d 795 (1963).

Affirmed.