**UNITED STATES ex rel. Harry B. WHITE**

v.

**David N. MYERS.**

**Misc. No. 3172.**

United States District Court
E. D. Pennsylvania.

April 13, 1966.

Jerome R. Balka, Philadelphia, Pa., for the relator.

Clarence C. Newcomer, First Asst. Dist. Atty. of Lancaster County, Pa., for the respondent.

DAVIS, District Judge.

The relator was convicted of first degree murder by the Court of Oyer and Terminer and Jail Delivery of Lancaster County, Pennsylvania and is presently serving a term of life imprisonment. He now petitions this court for a Writ of Habeas Corpus [1] on the ground that he was denied the assistance of counsel during his interrogation by the police and that the confession given to the authorities was introduced into evidence in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the

1. See Commonwealth ex rel. White v. Myers, 419 Pa. 244, 213 A.2d 662 (1965).

Constitution of the United States.[2] This court granted the relator a hearing.

On November 23, 1959, the petitioner drove up to the house where his estranged wife lived with their children and her lover. The petitioner got out of the automobile and fired several rifle shots through the sun parlor window, fatally wounding his wife in the head. He then drove to a nearby taproom; told the bartender that he had shot his wife; and asked him to call the police. The police arrived shortly thereafter, at about 7:00 P.M. He admitted the shooting to them; told them where his rifle was; and they immediately took him into custody. The petitioner's wife died on December 19, 1959, and he was then indicted for murder.

After his arrest, the police called in a "disinterested witness," a local Protestant clergyman, to observe the interrogation. The police warned the relator of his right to remain silent, but nonetheless he gave the police a detailed account of the crime. He signed a statement around 8:30 P.M. that same evening.

 At trial, counsel for the accused stated unequivocally in his opening remarks to the jury that there was no doubt that the defendant had killed his wife. His defenses were instead the lack of premeditation reducing the crime to second degree murder or, in the alternative, the commission of the crime in the heat of passion, reducing it to manslaughter. The accused took the stand in his own defense and candidly admitted that he had shot his wife.

The District Attorney introduced the relator's signed confession as part of the Commonwealth's case. The defense at first objected to its being read before it had been identified. Once it was identified, defense counsel again objected because it was not part of the evidence and also because of the alleged inebriated condition of the defendant when he gave the

statement. The court overruled the objection and permitted the police officer to read it to the jury. The attorney for the defendant then interrupted the officer and announced, "I have no objection to the purported statement being admitted into evidence and therefore the Court having admitted it I have no objection to that being done * * * ." At the close of the Commonwealth's case, the defense again assented to the admission of the confession once certain extraneous comments by the police at the top of the statement were removed. The notes of testimony of the trial clearly demonstrate to this court that the confession was introduced with the acquiescence and consent of the defendant despite the initial objections.

Since the defendant waived his right to bar the introduction of the confession at his trial, he cannot now be heard to complain that its admission was in violation of his right to counsel and his right against self-incrimination as formulated in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 2d 977 (1964) and United States ex rel. Russo v. State of New Jersey, et al., 351 F.2d 429 (3d Cir. 1965). In both those cases, a timely objection had been made at trial, making them clearly distinguishable from the instant action. The relator cannot consent to the introduction of his confession as part of his trial strategy and then contend that his constitutional rights were violated after being convicted of first degree murder.

In the United States ex rel. Reid v. Richmond, 295 F.2d 83, 88, 89 (2d Cir.), Cert. denied 368 U.S. 948, 82 S.Ct. 390, 7 L.Ed.2d 344 (1961), a habeas corpus proceeding involving the admission of a confession of a person accused of murder, the court through Chief Judge Lumbard stated:

"At that point [trial] Reid's attorney could have objected to the admission of the statements on the ground that they

2. The relator also alleges that his counsel was incompetent at trial. We have read the notes of testimony carefully and find this contention utterly without merit.

His contention as to the failure to have counsel at the preliminary hearing is likewise completely devoid of merit.

were given while Reid was being denied his constitutional right to the assistance of counsel. He made no objection and agreed that the confessions be received. * * * Having made no objection, Reid should not now be heard to raise constitutional objections which he did not see fit to urge at the earlier stage. At every trial points are contested and conceded; when they are conceded they must be considered to be binding."

See also, Latham v. Crouse 320 F.2d 120 (10th Cir. 1963); United States ex rel. Kaiser v. Mahon, 233 F.Supp. 1 (D.N.J.1964); United States ex rel. West v. LaVallee, 231 F.Supp. 809 (N.D.N.Y. 1963); United States ex rel. Wilson v. Rundl, Warden, 208 F.Supp. 484 (E.D.Pa. 1962).

Even assuming, without deciding, that *Escobedo and Russo* are retroactive and that no waiver existed, the instant action is still distinguishable from those two cases. *Escobedo* held:

" * * * where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' * * * and that no statement elicited by the police during the interrogation may be used against him at a criminal trial."[3]

The *Russo* case, decided by the Third Circuit, has extended this rule of law and now applies it whether or not the accused requested counsel on the well-reasoned ground that a person's constitutional right should not depend on whether he has the knowledge, foresight, or intelligence to ask for an attorney.

The Court in *Russo*, however, specially stated that its decision was not inconsistent with Long v. United States, 119 U.S. App.D.C. 209, 338 F.2d 549 (1964). There, the defendant was arrested at the scene of a shooting and taken to the police station. At the station, before the officers had had a chance to identify themselves, he voluntarily stated to them that he had shot the victim. Although they then immediately announced who they were and warned the accused of his right to remain silent, he revealed further details of the crime. At trial, he denied having made the statements and asserted that he had refused to say anything until he had consulted a lawyer. After a hearing the trial court permitted the introduction of the admissions, and the Court of Appeals affirmed.

The *Long* case is very similar to the one at bar. In each the accused made admissions to the police spontaneously and even gave further statements after the police had informed him of his right to stand mute. We find that the facts of this case come within the ambit of *Long* and thus do not require the exclusion of the confession under the reasoning of *Russo* and *Escobedo*, supra.

The relator amended his petition at the hearing before this Court to allege that the voluntariness of his confession was not tested at trial in accordance with Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). Even assuming that he can overcome the problem of waiver, we do not pass upon the merits of this issue since he has not exhausted his state remedies as required by 28 U.S.C. § 2254.

### ORDER

And now, this 13th day of April 1966, it is Ordered that the relator's petition for a Writ of Habeas Corpus and for release from custody be and, the same is hereby denied.

3. 378 U.S. p. 490–491 of the opinion, 84 S.Ct. p. 1765.