**UNITED STATES of America ex rel. Nathan MOORE, Petitioner,**

v.

**Hon. W. W. FOLLETTE, Warden of Green Haven Prison, Stormville, New York, Respondent.**

**No. 66 Civ. 3591.**

United States District Court
S. D. New York.

May 23, 1967.

Nathan Moore, pro se.

Frank S. Hogan, Dist. Atty., New York City, for respondent, Michael R. Stack, New York City, of counsel.

OPINION

COOPER, District Judge.

Defendant was convicted of first degree murder on January 21, 1957 after a jury trial in the New York Court of General Sessions. On appeal defendant for the first time contended, *inter alia*, that his confession was involuntary. The Appellate Division of the New York Supreme Court affirmed the conviction without opinion. People v. Moore, 8 A. D.2d 599, 185 N.Y.S.2d 222 (1st Dept. 1959). Leave to appeal to the New York Court of Appeals was denied. On February 26, 1965 defendant sought coram nobis in the New York Supreme Court, contending that his confession was involuntary. On April 7, 1965 his petition was denied, the defendant having failed to object to the admissibility of the confession at trial. The denial was based upon the established New York rule enunciated in People v. Huntley, 15 N.Y. 2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965). The Appellate Division affirmed without opinion. People v. Moore, 25 A. D.2d 955, 270 N.Y.S.2d 378 (1st Dept. 1966). Leave to appeal to the Court of Appeals was denied.

In this pro se petition for habeas corpus defendant once again contends that his confession was involuntary.

## Exhaustion of State Remedies

The District Attorney's threshold argument is that defendant has not exhausted his presently available state remedies. The contention is that a recent decision, People ex rel. Keitt v. McMann, 18 N.Y.2d 257, 273 N.Y.S.2d 897, 220 N.E.2d 653 (1966), significantly expanded the availability of the writ of habeas corpus in New York and defendant "might well" now have a remedy in the state courts.

We agree that the *Keitt* decision has apparently expanded the availability of habeas corpus in New York. The Court of Appeals, however, also stated:

> * * * we are not holding that habeas corpus is either the only or the preferred means of vindicating fundamental constitutional or statutory rights (e. g., People v. Huntley, 15 N.Y.2d 72, 76–77, 255 N.Y.S.2d 838, 204 N.E.2d 179). 18 N.Y.2d at 262, 273 N.Y.S.2d at 900, 220 N.E.2d at 655.

People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965) was New York's delineation of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) wherein the Supreme Court held that New York's procedure for determining the voluntariness of a confession was unconstitutional. In *Huntley* the Court of Appeals determined that coram nobis was a more appropriate remedy than habeas corpus for determining the voluntariness of a confession in a collateral proceeding. In addition, that court held that in order to be entitled to a hearing the defendant must have objected to the voluntariness of his confession at trial or the trial judge must have charged the jury thereon.

The reasoning in *Huntley* that coram nobis is the most appropriate post-conviction remedy for determining the voluntariness of a confession and the language in *Keitt* indicating that the procedure enunciated in *Huntley* is still to be followed, leads us to believe that there is little likelihood that the New York courts would consider the question of the voluntariness of defendant's confession in any collateral proceeding. Since defendant has presented the issue to the New York courts both on direct appeal and on coram nobis, he has practically exhausted his presently available state remedies. See, e. g., Brown v. Allen, 344 U.S. 443, 448, 73 S.Ct. 397, 97 L.Ed. 469 (1953); United States ex rel. West v. LaVallee, 335 F.2d 230 (2d Cir. 1964). Defendant is not required to present the issue again to the New York courts. See United States ex rel. Floyd v. Wilkens, 367 F.2d 990, 993 (2d Cir. 1966).

## The Facts

Defendant was arrested at approximately 4:00 a. m. on May 9, 1956 for robbery and murder. He was questioned by several officers at the police station, one of whom testified as to the substance of defendant's oral confession.[1] A second confession was transcribed at 1:30 p. m. the same day. Not the slightest intimation appears that it was improperly procured; the questions and answers therein are clear cut. In fact, at trial copies of the transcript were handed to defense counsel before it was offered into evidence. Counsel appears to have carefully reviewed the confession, agreed with the prosecutor to the deletion of certain portions thereof, and stated for the record that there was no objection to its receipt into evidence.

Defense counsel attempted to show that defendant was a drug addict by proof that at the time of his arrest, there were on the bureau top in defendant's room a hypodermic needle, a syringe and a "cooker" (used for preparation of heroin for consumption); further, by introducing a hospital record showing that defendant was treated for withdrawal symptoms at Harlem Hospital on May 9, 1956 (after his confession earlier that day) and was given 100 mg. of demerol. A co-defendant, Elizabeth McCormick, testified that she observed the defendant weak and sick while in the police station on the morning of his arrest.

---

1. Defense counsel did not object to this testimony.

At no time during the course of the trial did counsel for defense directly or indirectly put in issue the issue of voluntariness of the confession. Even on summation defense counsel did not argue that the confession was involuntary; rather he ascribed drug addiction as the reason for defendant's arrest. At no time did defense counsel request, and the judge did not charge, the jury on the question of voluntariness.

Now comes defendant's present claim that his confession was involuntary—it was induced while he was undergoing withdrawal symptoms during the course of which he was informed by the police that he would not be given medical treatment until he confessed.

### New York Procedure

Had there been an objection to the voluntariness of defendant's confession at trial, the New York procedure in 1957 required a preliminary hearing to determine whether the confession was admissible. If the court found that it was involuntary as a matter of law, it would be excluded. If, however, there was a question of fact presented, the court could not make a final determination as to its voluntariness and was compelled under law to leave that question to the jury for determination along with the guilt or innocence of the defendant. See Stein v. People of State of New York, 346 U.S. 156, 172, 73 S.Ct. 1077, 97 L.Ed. 1522 (1952). This procedure, approved of in *Stein* was held unconstitutional in Jackson v. Denno, supra.[2] It should be noted that defendant made no attempt to initiate the preliminary hearing by raising any question as to the voluntary nature of his confession.

### Waiver

The general standard by which the federal courts are to evaluate the question of waiver of a constitutional right is set forth in Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963):

The classic definition of waiver enunciated in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, [1023,] 82 L. Ed. 1461—"An intentional relinquishment or abandonment of a known right or privilege"—furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default. Cf. Price v. Johnston, 334 U.S. 266, 291, 68 S.Ct. 1049, 1063, 92 L. Ed. 1356. At all events we wish it clearly understood that the standard here put forth depends on the considered choice of the petitioner. Cf. Carnley v. Cochran, 369 U.S. 506, 513–517, 82 S.Ct. 884, 888, 8 L.Ed.2d 70; Moore v. State of Michigan, 355 U.S. 155, 162–165, 78 S.Ct. 191, 195–197, 2 L.Ed.2d 167. A choice made by counsel not participated in by the petitioner does not automatically bar relief. Nor does a state court's finding of waiver bar independent determination of the question by the federal courts on habeas, for waiver affecting federal rights is a federal question. E. g., Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367.

Several courts have interpreted this language broadly, putting heavy empha-

2. In Johnson v. State of New Jersey, 384 U.S. 719, 727–728, 86 S.Ct. 1772, 1778, 16 L.Ed.2d 882 (1966) the Supreme Court stated that in Jackson v. Denno, supra " * * * which involved the right of an accused to effective exclusion of an involuntary confession from trial * * * we concluded that retroactive application was justified because the rule affected 'the very integrity of the fact-finding process' and averted 'the clear danger of convicting the innocent.' "

sis on the need of personal knowledge by a defendant and acquiescence in his counsel's decisions.[3]  In *McNeil,* for example, counsel did not raise at trial the issue of systematic exclusion of negroes from the jury.  The state courts held there was a waiver, but the Fourth Circuit disagreed holding that there was no evidence to show that the failure to object was the "considered choice" of the defendant.[4]

In United States ex rel. Bruno v. Herold, 246 F.Supp. 363 (N.D.N.Y.1965), rev'd on other grounds, 368 F.2d 187 (2d Cir. 1966), also a broad interpretation of Noia, it was held there was no waiver when counsel did not object to the exclusion of the public from the trial:

> In the mold set for waiver in Fay v. Noia * * * it will be seldom we shall find intelligent and intentional waiver and knowledgeable relinquishment of a federal right by any defendant in the ordinary client-attorney relationship at trial by jury.  It is unreal to imagine weighty constitutional problems are then discussed by the lawyer and client.  246 F.Supp. at 367.

■■ For the reasons we shall indicate below, even the broad concept of waiver set forth in these decisions have been met in the case before us.  While defendant's constitutional rights could not be waived except as a deliberate tactical choice and the burden of establishing waiver is on the state,[5] defendant nevertheless has the burden of going forward as to non-waiver and must allege triable issues of fact before he is entitled to a hearing.[6]

Defendant has not met his burden of going forward.  He has failed to set forth grounds that would support a conclusion that the decision not to object to the confession was made without his knowledge and acquiescence.  His only allegation (not presented in his habeas corpus petition, but apparently made in the state coram nobis proceeding) is that he was prevented from raising the issue of the voluntariness of his confession at trial, because in order to do so effectively he would have had to take the witness stand—a step highly prejudicial and an invasion of his constitutional safeguard to remain silent without incurring any adverse inference thereby.

As heretofore indicated, the unconstitutional New York procedure for determining the voluntariness of a confession did not prevent defendant from objecting to the admissibility of his confession.  Had he done so, the trial judge could have excluded it as a matter of law after a preliminary hearing.  Nor before the trial judge and in the jury's absence did defendant state that if the Court decided to leave the issue to the jury, he would have to take the stand to make a meaningful objection; nor in similar setting did he request the trial judge to limit cross-examination so that he could take the stand in respect of that issue.  See Stein v. People of State of New York, supra at 346 U.S. 175, 73 S.Ct. 1077.

### By-passing of State Remedies

We note further that even if defendant met his burden of going forward, on the

---

3.  See McNeil v. State of North Carolina, 368 F.2d 313 (4th Cir. 1966); Labat v. Bennett, 365 F.2d 698 (5th Cir. 1966); Mitchell v. Stephens, 353 F.2d 129 (8th Cir. 1965), cert. denied 384 U.S. 1019 (1966); Whippler v. Balkcom, 342 F.2d 388 (5th Cir. 1965); Cobb v. Balkcom, 339 F.2d 95 (5th Cir. 1964).

4.  The court stated: "There is no evidence which shows that [the defendant] after intelligent consultation with his attorney understandingly and knowingly forewent the privilege of being indicted and tried by constitutionally selected juries." 368 F.2d at 315.

5.  See Hayden v. Warden, Maryland Penitentiary, 363 F.2d 647, 649 (4th Cir.), cert. granted, 385 U.S. 926, 87 S.Ct. 290, 17 L.Ed.2d 210 (1966); Cunningham v. Heinze, 352 F.2d 1, 4 n. 2 (9th Cir. 1965), cert. denied, 383 U.S. 968, 86 S.Ct. 1274, 16 L.Ed.2d 309 (1966).

6.  See United States ex rel. Homchak v. People of State of New York, 323 F.2d 449 (2d Cir. 1963); United States ex rel. Tangredi v. Wallack, 236 F.Supp. 205, 207–208 (S.D.N.Y.1964), modified, 343 F.2d 752 (2d Cir. 1965); United States ex rel. Weiss v. Fay, 232 F.Supp. 912 (S.D.N.Y.1964).  Cf. Mirra v. United States, 255 F.Supp. 570, 573 (S.D.N.Y.1966).

record before us and based on our interpretation of *Noia*, we find as a matter of law a deliberate by-passing of state remedies.

In Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), the Supreme Court was presented with the question whether defense counsel's failure to make a contemporaneous objection, as required by state law, was an independent and adequate state ground for the decision, thus barring direct review by the Supreme Court. In the course of that decision the court states:

> * * * where the state [procedural] rule is a reasonable one and clearly announced to defendant and counsel, application of the waiver doctrine will yield the same result as that of the adequate nonfederal doctrine in the vast majority of cases. 379 U.S. at 448 n. 3, 85 S.Ct. at 567.

If waiver and the independent state ground doctrine are synonymous in most cases (and we evaluate the state's rule set forth in *Huntley*) we find that the rule is supported by a legitimate state interest.[7] Although the trial judge in the present case could not have taken complete corrective action if there had been an objection (because of the unconstitutional procedure for determining voluntariness), he would have had the opportunity to do so if the confession were involuntary as a matter of law. More important, if the objection had been made and evidence on the issue presented, a record would have been preserved for future evaluation.

While in no sense determinative of the challenge before us, the importance of an adequate trial record is clearly revealed in the instant case. Defendant was represented by four attorneys at trial. The court has been informed that three of them are now dead, the fourth has neither records nor recollection of the trial proceedings.[8] The trial record hardly contains any evidence, regardless of weight, as to the physical condition of the defendant or the conduct of the police when the defendant confessed. Certainly, on the basis of the trial record it was not "plain error" for the trial judge not to have charged the jury on the issue of voluntariness. Cf. Rule 52(b), F.R.Crim.P. To attempt to reconstruct now what happened ten years ago would be, realistically viewed, a futile gesture. In short, the case before us overwhelmingly supports the appropriate force of the state's rule in *Huntley* as to the limitations of Jackson v. Denno, supra, on retroactive applications.

The Court in Henry v. State of Mississippi, supra, also stated:

> Although trial strategy adopted by counsel without prior consultation with an accused will not, where the circumstances are exceptional, preclude the accused from asserting constitutional claims * * * we think that the deliberate bypassing by counsel of the contemporaneous-objection rule as a part of trial strategy would have that effect in this case. 379 U.S. at 451, 452, 85 S.Ct. at 569.

We believe that the Court in *Henry* manifests its intention to limit the broad waiver language in *Noia*.[9]

We observe that rarely is the client in a position to enable him to make a com-

---

**7.** We recognize that in *Henry* the Supreme Court was discussing the validity of a state procedural rule with prospective application and not a situation, such as presented by *Huntley*, where the state rule has only retroactive application. Nevertheless, an evaluation of the legitimacy of the State's rule in *Huntley* provides insight into the problem before us.

The contemporaneous objection rule has been strongly asserted in this circuit on appeals from federal convictions. See, e. g., United States v. Indiviglio, 352 F.

2d 276 (2d Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

**8.** Letter of Albert Felix, Esq. dated February 20, 1967.

**9.** See Nelson v. People of State of California, 346 F.2d 73, 81 (9th Cir.), cert. denied, 382 U.S. 964, 86 S.Ct. 452, 15 L. Ed.2d 367 (1965); Hill, The Inadequate State Ground, 65 Colum.L.Rev. 943, 984 (1965).

petent evaluation of the legal issues brought to the open upon trial. This is especially so when presented with the issue of the voluntariness of a confession.[10]

The ninth circuit in Nelson v. People of State of California, supra at 346 F.2d 81, had occasion to comment:

> * * * counsel must be the manager of the law-suit, * * * if * * * decisions are to be made by the defendant, he is likely to do himself more harm than good, and * * * a contrary rule would seriously impair the constitutional guaranty of the right to counsel. (See Rhay v. Browder, 9 Cir., 1965, 342 F.2d 345). One of the surest ways for counsel to lose a law-suit is to permit his client to run the trial. We think that few competent counsel would accept retainers, or appointment under the Criminal Justice Act of 1964, to defend criminal cases, if they were to have to consult the defendant and follow his views, on every issue of trial strategy that might, often as a matter of hindsight, involve some claim of constitutional right.

 Accordingly, we believe that the broad language in *Noia* in regard to waiver should not be applied to a deliberate decision by counsel formulated either before or during trial not to object to a confession. See Nelson v. People of State of California, supra; Herrera v. Wilson, 364 F.2d 798 (9th Cir. 1966). There is absolutely nothing before us even indicating the absence of defendant's unqualified approval of his attorney's clear consent to the receipt in evidence of the confession.

*Conclusion*

The record before us indicates that there was a deliberate tactical decision by defendant through counsel not to object to the confession.[11] This is underscored by the fact that during trial counsel obtained the prosecutor's consent to delete certain objectionable portions from the transcribed confession, and by the express statement that there was no objection to its admission. We take into account that defendant has not alleged he did not participate in counsel's decision. Under these circumstances we find a deliberate by-passing of state remedies within the meaning of Fay v. Noia.

The petition for habeas corpus is denied.

So ordered.

10. In a case quite similar to the one before us (decided before Fay v. Noia), United States ex rel. Reid v. Richmond, 295 F.2d 83 (2d Cir.), cert. denied, 368 U.S. 948, 82 S.Ct. 390, 7 L.Ed.2d 344 (1961) our Court of Appeals held that when defense counsel asked for a hearing on the question of voluntariness and then stated he had no objection to the confession this constituted a waiver:

> It was the strategy of the defense to admit all that had happened, including the confessions, and to attempt thereby to derive whatever benefit there might be from an open and consistent course of not attempting to deny or conceal anything from the jury. 295 F.2d at 87.

11. Cf. United States ex rel. Parker v. Rundle, 259 F.Supp. 420 (E.D.Pa.1966); United States ex rel. Wallen v. Warden, 258 F.Supp. 1012, 1019 (S.D.N.Y.1966); United States ex rel. White v. Myers, 252 F.Supp. 832 (E.D.Pa.1966); United States ex rel. Moore v. Fay, 238 F.Supp. 1005 (S.D.N.Y.1965); United States ex rel. Fazio v. Fay, 236 F.Supp. 211 (S.D.N.Y.1964), aff'd, 348 F.2d 418 (2d Cir. 1965), cert. denied, 383 U.S. 938, 86 S.Ct. 1069, 15 L.Ed.2d 854 (1966).