UNITED STATES of America ex rel. John J. SCHAEDEL, Petitioner,

v.

Harold W. FOLLETTE, Warden of Green Haven Prison, Stormville, New York, Respondent.

No. 67 Civ. 693.

United States District Court
S. D. New York.

July 21, 1967.

John J. Schaedel, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent; Michael H. Rauch, Asst. Atty. Gen., of counsel.

PALMIERI, District Judge.

The petitioner was convicted by verdict of a jury of five counts of grand larceny in the first degree and sentenced on June 23, 1964, as a second felony offender to concurrent terms of five to ten years in state prison on each count. The conviction was affirmed on appeal, 23 A.D.2d 967, 260 N.Y.S.2d 601 (2d Dep't 1965), and on June 25, 1965, leave to appeal to the New York Court of Appeals was denied.

Petitioner sought a writ of error *coram nobis* in the County Court of Suffolk, New York, which was denied without a hearing on January 25, 1966. The denial was affirmed by the Appellate Division, Second Department, and on January 12, 1967, permission to appeal to the Court of Appeals of the State of New York was denied. Petitioner has exhausted his available state remedies.

### Petitioner's Allegations

The petitioner contends that his oral confession introduced as evidence at the trial, by way of testimony of police officers who were present at the initial questioning of the petitioner, was a coerced and involuntary statement, the use of which constituted a denial of the due process of law guaranteed by the 14th Amendment. Petitioner further complains that the police refused to permit him to communicate with his lawyer during the questioning and immediately thereafter, and that the police did not inform petitioner, prior to his making the inculpatory statements, that he had a right under the 5th Amendment to remain silent.

■ Substantially similar allegations were contained in a prior application petitioner made to this Court. That application was denied in an opinion by Judge Frankel, 66 Civ. 930 (S.D.N.Y.1966). Petitioner's contention that the introduction of his confession at the trial vitiated his conviction under the doctrine of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), was rejected in that opinion because of the Supreme Court's ruling that *Escobedo* was not to be applied retroactively. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). This Court accepts as valid the

opinion of Judge Frankel and further points out that Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), also relied on by the petitioner, is not applied retroactively either. Johnson v. State of New Jersey, supra. The Supreme Court ruled that the *Escobedo* and *Miranda* decisions should apply only to a case in which the trial has commenced after the decisions were announced, June 22, 1964, and June 13, 1966, respectively. Johnson v. State of New Jersey, supra, 384 U.S. at 733–735, 86 S.Ct. 1772. Petitioner's trial began on April 22, 1964.

There remains to be considered by this Court only petitioner's allegation that his oral confession, introduced into evidence at trial, was involuntary. Johnson v. State of New Jersey, supra at 732, 86 S.Ct. 1772.

### The Trial

The uncontradicted evidence at trial indicated that the petitioner was called to his employer's office, where he was questioned by police officers for one and a half to two hours, that he admitted that he had been padding his employer's payroll and keeping the additional money for himself, and that he made these admissions within one half hour after the interrogation started. The police officers' testimony that the petitioner did not ask for an attorney until *after* he had made the above admissions, and that although they carried revolvers these were never displayed to the petitioner, was also uncontradicted at the trial.

Introduction of an involuntary confession was considered a denial of due process long before this petitioner's trial. See, e. g., Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941); Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682 (1936). Nevertheless, although petitioner's trial counsel elicited testimony on cross-examination of the prosecution's witnesses concerning the circumstances surrounding the petitioner's oral confession (T. pp. 472–76, 524–36), no objection was made to the introduction by the prosecution of evidence of petitioner's oral confession (T. pp. 469–72, 521–24). No motion was ever made to strike such evidence from the record or to direct the jury to disregard it.

At the close of the prosecution's case, petitioner's counsel moved to dismiss the action "on the ground that the People have failed to prove a prima facie case" (T. p. 540). After considerable argument by petitioner's counsel, the Court called attention "to the uncontradicted testimony of the Police Officers that the defendant admitted to inserting additional hours on time cards." (T. p. 549). In response, petitioner's counsel noted Section 395 of the Code of Criminal Procedure (which describes when confessions of a defendant may be used against him). The Court then said to petitioner's counsel: "I call your attention no objection was made to the testimony when it was offered, so I'll listen to no argument under 395." (T. p. 550). Nothing further was said on this point by petitioner's counsel, who went on to renew his objections to other testimony (not concerning the confession) that had been admitted into evidence. During the summation by petitioner's counsel, the only reference made to the circumstances surrounding petitioner's confession was that " * * * you must take the policemen's testimony with a certain grain of salt. * * * There's a certain amount of terror that's inflicted * * * when [one] is being constantly interrogated by people who have guns in their pocket. * * * " (T. pp. 591–92). No objection was made to the statement in the prosecutor's summation to the effect that the petitioner had confessed to the police without being threatened and had in fact been very cooperative when he was questioned about the crime. (T. p. 611). The trial judge, in his charge, referred to the prosecution's reliance on the petitioner's oral admissions and marshalled the evidence concerning those statements (T. pp. 703–06, 708–11). He did not instruct the jury on the issue of voluntariness, nor did petitioner request him

to do so. In fact, at the conclusion of the charge, petitioner's counsel informed the court that he did not wish to take any exceptions or make any requests (T. p. 715).

### By-Passing of State Remedies

■■ The application for a writ of habeas corpus must be denied because of the failure of petitioner or his counsel, either at trial or on appeal, to object to the prosecution's reliance upon the petitioner's allegedly involuntary oral confession. A disposition such as this, based on the by-passing of state procedures, must take into consideration the language of Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963):

" * * * We therefore hold that the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies."

In applying the above standard to the facts of the *Noia* case, the Court refused to characterize Noia's failure to appeal as a deliberate by-passing of the state court system; since an appeal by Noia would have involved a substantial risk of electrocution, the Court held that his choice not to appeal "cannot realistically be deemed a merely tactical or strategic litigation step, or in any way a deliberate circumvention of state procedures." Fay v. Noia, supra at 440, 83 S.Ct. at 849.

■ In contrast, the present petitioner's choice of whether or not to make use of the state court procedure for objecting to evidence of his confession was not influenced by so exceptional a circumstance as was present in *Noia*. Had petitioner objected at trial to introduction of his confession the New York procedure then in effect would have entitled him to a preliminary hearing to determine whether the confession was admissible. If the confession was involuntary as a matter of law, it would have been excluded. If the issue of voluntariness was a question of fact, the question would have been left for the jury to determine

along with the guilt or innocence of the defendant. See Stein v. People of State of New York, 346 U.S. 156, 172, 73 S.Ct. 1077, 97 L.Ed. 1522 (1953). As already stated, the petitioner did not object to the introduction of his confession and did not pursue the procedures provided by New York law for raising questions regarding the voluntary nature of a confession. The fact that the New York procedure was later held to be unconstitutional, Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), does not excuse petitioner's failure to object to introduction of his confession. Jackson v. Denno, supra, was followed in New York by People v. Huntley, 15 N.Y. 2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965), which held, as to already concluded trials, such as the petitioner's, that no hearing is necessary in cases where a confession was admitted without any objection by the defendant and without any charge to the jury on the issue of voluntariness. Therefore, petitioner's failure to raise the issue at trial resulted in a forfeiture of his rights under New York State law.

Petitioner's failure to object at trial must be construed as a tactical decision, based on a consideration of the factors which typically determine such trial strategy, e. g., the likelihood of success in making the objection and the risk of incurring the jurors' displeasure by appearing to keep evidence from them. The colloquy with the Court (p. 6 supra), and the nature of the cross-examination of the police officers indicate that counsel was aware of the possibility of objecting to the confession as being involuntary. It appears, however, that counsel preferred to avoid an objection which might have served only to emphasize to the jury the petitioner's confession rather than to exclude it from their consideration. The petitioner, for tactical reasons, decided to forego his opportunity of challenging the confession at trial, thus denying the trial court the opportunity to exclude it if it was involuntary as a matter of law and to instruct the jury regarding it

if its voluntariness was a question of fact. Because of this deliberate by-passing of the orderly procedures of the state courts and the resulting forfeiture of state court remedies, People v. Huntley, supra, this Court feels impelled to exercise its discretion to deny petitioner's application for federal habeas corpus relief. Fay v. Noia, supra at 372 U.S. 438, 83 S.Ct. 822.

■ The failure to comply with a state rule requiring contemporaneous objection to the introduction of illegal evidence is a deliberate by-passing of state procedures which may preclude later assertion of constitutional claims. Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). In *Henry,* the Supreme Court discussed the adequate state ground doctrine with reference to a direct appeal to the Supreme Court. The Court stated that:

> " * * * where the state [procedural] rule is a reasonable one and clearly announced to defendant and counsel, application of the waiver doctrine will yield the same result as that of the adequate nonfederal ground doctrine in the vast majority of cases." 379 U.S. at 448 n. 3, 85 S.Ct. at 567.

Thus the requirement for applying the adequate state ground doctrine, that the state's procedural rule serve a legitimate state interest, is also relevant in applying the doctrine of waiver. "Reasonable consequences attached by the states to a failure to comply with reasonable rules must accordingly be respected." Hart, Foreword: Time Chart for the Justices, 73 Harv.L.Rev. 84, 118 (1959). Although discussed in terms of the adequate state ground doctrine rather than in terms of waiver, the Supreme Court in *Henry* said that a state's contemporaneous objection rule

> " * * * clearly does serve a legitimate state interest. By immediately apprising the trial judge of the objection, counsel gives the court the opportunity to conduct the trial without using the tainted evidence. If the objection is well taken the fruits of the illegal search may be excluded from

jury consideration, and a reversal and new trial avoided. * * * " 379 U.S. at 448, 85 S.Ct. at 567.

As noted in a recent opinion of this Court (Cooper, J.), although the unconstitutionality of the New York procedure might have prevented the trial judge from taking complete corrective action, an objection by petitioner at trial would have permitted such action if the confession were involuntary as a matter of law. Moreover, if the petitioner had objected, a record could have been established on the issue of voluntariness and preserved for future evaluation. United States ex rel. Moore v. Follett, 275 F. Supp. 416 (S.D.N.Y. May 23, 1967).

The reasonableness of the contemporaneous objection rule is further supported by United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed. 2d 663 (1966), which declared that the same rule applies in this circuit on appeals from federal convictions. No reason appears why in a federal habeas corpus proceeding, a state prisoner who has waived his rights under a state procedural rule should be treated more favorably than a federal prisoner who waives his rights under an identical rule of federal criminal procedure.

■ Where the circumstances are exceptional and the state procedure provides a criminal defendant with what has been called a "grisly" choice, failure to comply with the state rules may be held not to bar assertion of a constitutional claim in federal habeas corpus. Fay v. Noia, supra; Whitus v. Balkcom, 333 F.2d 496 (5th Cir., 1964), cert. denied, 379 U.S. 931, 85 S.Ct. 329, 13 L.Ed.2d 343 (1964). In *Noia,* the Supreme Court said:

> "Under no reasonable view can the State's version of Noia's reason for not appealing support an inference of deliberate by-passing of the state court system. For Noia to have appealed in 1942 would have been to run a substantial risk of electrocution. His was the grisly choice whether to sit content with life imprisonment or to travel

the uncertain avenue of appeal which, if successful, might well have led to a retrial and death sentence. See, e. g., Palko v. [State of] Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288. He declined to play Russian roulette in this fashion. This was a choice by Noia not to appeal, but under the circumstances it cannot realistically be deemed a merely tactical or strategic litigation step, or in any way a deliberate circumvention of state procedures." 372 U.S. at 439–440, 83 S.Ct. at 849.

The present petitioner's failure to object at trial to the introduction of an allegedly coerced confession and his failure to raise such an objection on appeal must be viewed in a far different light from the non-compliance with state rules found in Whitus v. Balkcom and Fay v. Noia. This petitioner was not faced with the type of "grisly choice" or exceptional circumstances which excused by-passing state procedure in Whitus v. Balkcom and Fay v. Noia; he was instead confronted with an ordinary tactical trial decision, by which he is now bound.

■ It should be noted that some courts have broadly interpreted the waiver language of Fay v. Noia, 372 U.S. 391, 438–439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), emphasizing the element of personal knowledge and decision by the petitioner and denying that his rights might be waived by his counsel. See, McNeil v. State of North Carolina, 368 F.2d 313 (4th Cir. 1966); Labat v. Bennett, 365 F.2d 698 (5th Cir. 1966); Mitchell v. Stephens, 353 F.2d 129 (8th Cir. 1965), cert. denied, 384 U.S. 1019, 86 S.Ct. 1966, 16 L.Ed.2d 1042 (1966). It is doubtful, however, that Fay v. Noia was intended to require trial counsel "to consult the defendant, and follow his views, on every issue of trial strategy that might, often as a matter of hindsight, involve some claim of constitutional right." Nelson v. People of State of California, 346 F.2d 73, 81 (9th Cir.), cert. denied, 382 U.S. 964, 86 S.Ct. 452, 15 L.Ed.2d 367 (1965). If such decisions had to be made by the client, especially with respect to issues which only his lawyer is usually competent to evaluate, the constitutional guaranty of the right to counsel might be seriously impaired. Nelson v. People of State of California, supra at 81. An awareness of the implications of permitting a client, rather than his attorney, to so manage the lawsuit leads this Court to conclude that the broad waiver language of Fay v. Noia is not to be applied to a tactical decision by counsel not to object to a confession. This conclusion is supported by the Supreme Court's own statement in Henry v. State of Mississippi, supra at 379 U.S. 451–452, 85 S.Ct. at 569, 13 L.Ed.2d 408:

" * * * counsel's deliberate choice of the strategy would amount to a waiver binding on petitioner and would preclude him from a decision on the merits of his federal claim either in the state courts or here. Although trial stategy adopted by counsel without prior consultation with an accused will not, where the circumstances are exceptional, preclude the accused from asserting constitutional claims, see Whitus v. Balkcom, 333 F.2d 496 (C.A. 5th Cir. 1964), we think that the deliberate bypassing by counsel of the contemporaneous-objection rule as a part of trial strategy would have that effect in this case." (Footnotes omitted)

The above language indicates that in the circumstances revealed by the instant petition, it is the decision of counsel that controls. Nelson v. People of State of California, supra; United States ex rel. Moore v. Follette, supra. A number of recent decisions, compiled in Judge Cooper's opinion in Moore v. Follette, supra, lend support to this view. Cf. United States ex rel. Parker v. Rundle, 259 F.Supp. 420 (E.D.Pa.1966); United States ex rel. Wallen v. Warden of Green Haven State Prison, 258 F.Supp. 1012 (S.D.N.Y.1966); United States ex rel. White v. Myers, 252 F.Supp. 832 (E.D. Pa.1966); United States ex rel. Moore v. Fay, 238 F.Supp. 1005 (S.D.N.Y. 1965); United States ex rel. Fazio v.

Fay, 236 F.Supp. 211 (S.D.N.Y.1964), aff'd, 348 F.2d 418 (2d Cir. 1965), cert. denied, 383 U.S. 938, 86 S.Ct. 1069, 15 L.Ed.2d 854 (1966).

### Petitioner Has Not Sustained His Burden of Going Forward

■ Even if this Court were to adopt the broad interpretations that have been placed on the waiver language of Fay v. Noia, petitioner's application must be denied. Although the burden of demonstrating waiver is on the state, the petitioner still has the burden of going forward as to non-waiver. United States ex rel. Moore v. Follette, supra, and cases cited. The reasons for placing such a burden on the petitioner are discussed in Mirra v. United States, 255 F.Supp. 570, 573 (S.D.N.Y.1966), which involved a federal prosecution where the defendant had by-passed the normal appellate procedure:

"  *   *   * petitioner must at least come forward with some averment which would permit a finding upon a hearing that he had not deliberately by-passed his right to appellate review. That procedure is especially appropriate in a case like this. There was no barrier to, or intolerable risk presented by, normal appellate procedures. Petitioner had competent counsel. The essential facts are in the record, and there is no claim of newly discovered evidence. The explanatory facts, if any, lie peculiarly within the knowledge of petitioner. * * *" [Footnote omitted]  255 F.Supp. at 573.

Petitioner contends that his trial counsel failed to object, in reliance upon the law as it existed at the time of the trial. It has already been noted that there is no question but that a confession could have been attacked on the grounds of coercion under the law as it existed at the time of petitioner's trial. Moreover, his assertion regarding his less than full comprehension of his trial counsel's questions on cross-examination is not sufficient to "set forth grounds that would support a conclusion that the decision not

to object to the confession was made without his knowledge and acquiescence." United States ex rel. Moore v. Follette, supra at 416 of 275 F.Supp. Petitioner, therefore, has not satisfied his burden of going forward. See United States ex rel. Tangredi v. Wallack, 236 F.Supp. 205 (S.D.N.Y.1964), modified, 343 F.2d 752 (2d Cir. 1965) ; United States ex rel. Weiss v. Fay, 232 F.Supp. 912 (S.D.N.Y. 1964).

The petition is denied. It is so ordered.